UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| David A. McDougall, Individually and as Trustee for the Next-of-Kin of Decedent Cynthia A. McDougall,<br><br>　　　　Plaintiff,<br>v.<br><br>CRC Industries, Inc., and John Doe Company Defendants #1-10<br><br>　　　　Defendants. | Case No. 20-cv-1499 (JRT/LIB)<br><br><br>**Plaintiff's Statement of the Case** |

　　　　Plaintiff David A. McDougall submits this Statement of the Case pursuant to the Court's Order dated March 8, 2021. (ECF 44.)

　　　　Cynthia McDougall died because a person was able to intentionally inhale CRC Duster keyboard cleaner to get high while driving. That a person would intentionally inhale CRC Duster while driving and strike and kill or injure innocent bystanders such as Cynthia McDougall was objectively reasonably foreseeable, and actually known to CRC Industries. CRC failed to take reasonable and effective measures to prevent this objectively foreseeable misuse of its product, resulting in Mrs. McDougall's tragic and foreseeable death.

Because of this known and foreseeable danger, CRC Industries worked to add a bittering agent for the stated purpose of deterring someone from intentionally inhaling the CRC Duster. However, the bittering agent did not function as intended or the CRC Duster product at issue in this case did not contain the bittering agent at all. The bittering agent, if an ingredient in the product, was defectively and negligently designed and clearly failed to deter this known and foreseeable misuse, proximately causing Mrs. McDougall's tragic and foreseeable death. Further, CRC Industries misrepresented the safety and efficacy of the CRC Duster, specifically the supposed bitterant, in its labeling and marketing materials.

Mrs. McDougall was a devoted mother and wife. She was close with her extended family, had many friends, and was active in her community. Her husband, David McDougall, now raises their son as a single parent. Mrs. McDougall's death has left a hole in the lives of her husband, her son, and the rest of her family. The calculation of the loss of the counsel, guidance, aid, advice, comfort, assistance, companionship, and protection that Mrs. McDougall would have provided to her husband, son, and other surviving next of kin is left to the jury to decide.

It is premature to provide an itemization of past and future economic damages at this early stage of litigation, as the calculation of which will likely be subject to expert opinions.

                                  Respectfully submitted,

Dated: April 9, 2021               **ROBINS KAPLAN LLP**

                                  By: */s/ Jason L. DePauw*_____
                                      Tara D. Sutton (#23199X)
                                      Philip Sieff (#169845)
                                      Gary L. Wilson (#179012)
                                      Jason L. DePauw (#0392150)
                                      Rashanda C. Bruce (#040019)
                                      2800 LaSalle Plaza
                                      800 LaSalle Avenue
                                      Minneapolis, MN 55402
                                      Telephone: 612.349.8500
                                      Facsimile: 612.339.4181
                                      *tsutton@robinskaplan.com*
                                      *psieff@robinskaplan.com*
                                      *gwilson@robinskaplan.com*
                                      *jdepauw@robinskaplan.com*
                                      *rbruce@robinskaplan.com*

                                    ***Attorneys for Plaintiff David McDougall***