## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| David A. McDougall, Individually and as Trustee for the Next-of-Kin of Decedent Cynthia A. McDougall, | Case No. 20-cv-1499 (JRT/LIB) |
| Plaintiff, | |
| v. | **PLAINTIFF DAVID A. McDOUGALL'S PROPOSED JURY INSTRUCTIONS** |
| CRC Industries, Inc., and John Doe Company Defendants #1-10, | |
| Defendants. | |

Pursuant to the Court's November 14, 2023 Notice of Assignment of Cases for Trial and Trial Memorandum (ECF Nos. 146 and 146-1), Plaintiff David A. McDougall hereby submits the following proposed jury instructions.

**JURY VOIR DIRE INSTRUCTION NO. 1**

Members of the Jury Panel, we are about to begin the process of selecting which of you will be the jury that tries this case. In that process you will be asked questions by me or by the attorneys or by both that touch on your qualifications to sit as jurors in this case. You will be placed under oath or asked to affirm that you will truthfully and completely answer these questions put to you.

Your undivided attention to this process is very important. So, if you have a cell phone or other communication device, please take it out now and turn it off. Do not turn it to vibration or silent; please power it down or off. During this jury selection process, you must leave it off. (Pause for thirty seconds to allow them to comply, then tell them the following:)

During this jury selection process and during the trial, it is important that all the information you receive about the case comes from the courtroom. So, from now on until you are discharged from the case you may not discuss this case with anyone and that includes the other potential jurors, except during deliberations if you are selected as a juror. However, you may tell your family, close friends, and other people about your participation in this trial, but only so they will know when you are required to be in court. If you do that, please warn them not to ask you about this case or try to tell you anything they know or think they know about it, or discuss this case in your presence.

2

Also, just as importantly, you must not communicate any information at all about the case to anyone by any means, directly or indirectly, in face-to-face conversation or by any digital media.

If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by the opinions of people other than the other jurors. That would not be fair to the parties and it would result in a verdict that is not based entirely on the evidence in court and the law the court gives you.

It is very important that you abide by these rules. Failure to follow these instructions, and indeed any instructions the court gives you during the trial could result in the case having to be retried. And failure to follow these and the court's other instructions could result in you being held in contempt of court and punished accordingly.

Those of you who are selected to try this case will receive similar instructions as we go through the trial.

Are there any of you who cannot or will not abide by these rules concerning communication with others during this trial? (Then continue with voir dire.)

**SOURCE: 8th Cir. Model Civil Jury Inst. 1.01 (Explanatory: Before Voir Dire).**

## JURY VOIR DIRE INSTRUCTION NO. 2

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you earlier.

You must decide this case only from the evidence received by the court here in the courtroom and the instructions on the law that I give you.

Do not read any newspaper or other written account, watch any televised account or streamed video account, or listen to any streamed internet or radio program on the subject of this trial.

Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, its general subject matter, or the law.

You must keep your mind open and free of outside information.  Only in this way will you be able to decide the case fairly, based solely on the evidence received in court and my instructions on the law.  If you decide this case on anything else, you will have done an injustice.  It is very important that you follow these instructions.

I might not repeat these things to you before every recess, but keep them in mind until you are discharged.


**SOURCE: 8th Cir. Model Civil Jury Inst. 1.02 (Explanatory: Recess at End of Voir Dire).**

## PRELIMINARY INSTRUCTION NO. 1

Members of the Jury: I am now going to give you some instructions about this case and about your duties as jurors.  At the end of the trial I will give you more instructions.  I may also give you instructions during the trial. All instructions - those I give you now and those I give you later - whether they are in writing or given to you orally – are equally important and you must follow them all.

[Describe your court's digital electronic device policy, such as "You must leave your cell phone, PDA, smart phone, iPhone, tablet computer, and any other wireless communication devices] in the jury room during the trial and may only use them during breaks.  However, you are not allowed to have those devices in the jury room during your deliberations.  You must give them to the [bailiff] [deputy clerk] [court security officer] for safekeeping just before you start to deliberate.  They will be returned to you when your deliberations are complete."]

This is a civil case brought by Plaintiff David McDougall against Defendant CRC Industries.  Plaintiff David McDougall is the husband of Cynthia McDougall.  On July 22, 2019, Ms. McDougall was driving her vehicle on State Highway 172 in Baudette, Minnesota when she was struck and killed in a crash with another vehicle.  The other vehicle was driven by Kyle Neumiller, who crossed over the center line, drove into oncoming traffic, and struck Ms. McDougall's vehicle head-on, resulting in her death.

Plaintiff contends that Mr. Neumiller was impaired due to ingesting gas from a cannister of aerosol dust remover manufactured by Defendant CRC and lost control of his vehicle as a result. This product is sold under the name "CRC Duster" and is also referred to as a keyboard cleaner or dust remover. CRC Duster contains a pressurized volatile, fluorinated hydrocarbon gas called 1,1,-Diflouroethane ("DFE") which, if inhaled or ingested by a human, can cause immediately impairing effects, like drowsiness, dizziness, suffocation, and loss of consciousness.

Plaintiff contends that Mr. Neumiller intentionally inhaled CRC Duster prior to the crash and that the impairing effects of the DFE in CRC's Duster product caused Ms. McDougall's death. Plaintiff further contends that CRC knew that its product was being misused by people in order to become high, that such impairment would lead to harm to bystanders like Ms. McDougall and that CRC failed to protect against such harms. Plaintiff also alleges that CRC Duster is defective in its design and its product labeling and warnings.

Defendant CRC, on the other hand, will argue that the cause of the crash was not due to misuse of its CRC Duster product. CRC further contends that its product labeling is adequate in warning against misuse, and that it owed no duty to protect bystanders, like Ms. McDougall, against its misuse.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or what I think your verdict should be.

**SOURCE: 8th Cir. Model Civil Jury Inst. 1.03 (Explanatory: General; Nature of Cause; Duty of Jury, Cautionary);** ***McDougall v. CRC Industries, Inc. et al.*****, Memorandum Opinion and Order on Parties' Motions for Summary Judgment and to Exclude Expert Testimony, August 25, 2023 (Doc. 145).**

## PRELIMINARY INSTRUCTION NO. 2

When I use the word "evidence," I mean the testimony of witnesses, documents and other things I receive as exhibits, facts that I tell you the parties have agreed are true, and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

Lawyers' statements, arguments, questions, and comments are not evidence.

Documents or other things that might be in court or talked about, but that I do not receive as exhibits are not evidence.

Objections are not evidence. Lawyers have a right – and sometimes a duty – to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections.

If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it [unless I specifically tell you otherwise].

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose. If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for. You need to pay close attention when I give an instruction about evidence that you can consider for only certain purposes, because you might not have that instruction in writing later in the jury room.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

**SOURCE: 8th Cir. Model Civil Jury Inst. 1.04 (Explanatory: Evidence; Limitations).**

## PRELIMINARY INSTRUCTION NO. 3

During the trial, I will sometimes need to talk privately with the lawyers. I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers. Either way, please understand that while you are waiting, we are working. We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes. We will do what we can to limit the number of these conferences and to keep them as short as possible.

**SOURCE: 8th Cir. Model Civil Jury Inst. 1.05 (Explanatory: Bench Conferences and Recesses).**

## PRELIMINARY INSTRUCTION NO. 4

When the lawyers have finished asking all of their questions of a witness, you will be allowed to ask the witness questions (describe procedure to be used here). I will tell you if the rules of evidence do not allow a particular question to be asked. After all of your questions, if there are any, the lawyers may ask more questions. [Do not be concerned or embarrassed if your question is not asked; sometimes even the lawyers' questions are not allowed.]

**SOURCE: 8th Cir. Model Civil Jury Inst. 1.07 (Explanatory: Questions by Jurors).**

## PRELIMINARY INSTRUCTION NO. 5

Jurors, to make sure this trial is fair to [both/all] parties, you must follow these rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the trial when you go to the jury room to consider your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me.  If someone tries to talk to you about the case during the trial, please report it to the [bailiff] [deputy clerk].  (Describe person.)

*Fourth*, during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case – not even to pass the time of day.  It is important not only that you do justice in this case, but also that you act accordingly.  If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is just about the weather – that might raise a suspicion about your fairness.  So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, please understand that they are not being rude.  They know they are not supposed

14

to talk to you while the trial is going on, and they are just following the rules.

*Fifth*, you may need to tell your family, close friends, and other people that you are a part of this trial.  You can tell them when you have to be in court.  But you must warn them not to ask you about this case, tell you anything they know or think they know about this case, or talk about this case in front of you.  Remember: You must not communicate with anyone in any manner about anything or anyone, including the court, related to this case.

You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so.  If you talk about the case with someone besides the other jurors during deliberations, it looks as if you might already have decided the case or that you might be influenced in your verdict by their opinions.  That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again.

During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case.

*Sixth*, do not do any research or investigate the case facts or the law-- on the Internet, in libraries, newspapers, dictionaries or otherwise.  Do not

15

visit or view any place discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony.

*Seventh*, do not read or otherwise receive any information, including any news stories or Internet articles or blogs that are about the case, or about anyone involved with it. Do not listen to any radio or television reports, or digital streaming, about the case or about anyone involved with it. [In fact, until the trial is over I suggest that you reduce or limit [avoid at all] reading or receiving any digital streaming or any newspapers or news journals, and avoid listening to any television or radio newscasts at all.] I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to something about the case. If you want, you can have someone collect information or clip out any stories and set them aside to give to you after the trial is over. [I assure you, that by the time you have heard all the evidence in this case, you will know what you need to [decide it] [return a just verdict].

The parties have a right to have you decide their case based only on evidence admitted here in court. If you research, investigate, or experiment on your own, or get information from other [places] [sources], your verdict might be influenced by inaccurate, incomplete, or misleading information. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through cross-examination. All of the parties are entitled to a fair trial before an impartial jury, and you have to conduct

16

yourselves in a way that assures the integrity of the trial process. If you decide a case based on information not admitted in court, you will deny the parties a fair trial. You will deny them justice. Remember, you have taken an oath to follow the rules, and you must do so. [If you do not, the case might have to be retried, and you could be held in contempt of court and possibly punished.]

*Eighth*, do not make up your mind during the trial about what your verdict should be. Keep an open mind until after you and your fellow jurors have discussed all the evidence.

[*Ninth,* it is important that you discharge your duties as jurors without discrimination or bias against any party, witness, or counsel on account of that person's race, color, ethnicity, national origin, religion, lack of religion, gender, gender identity, sexual orientation, disability, or economic circumstances.]

**SOURCE: 8th Cir. Model Civil Jury Inst. 1.08 (Explanatory: Conduct of the Jury).**

## PRELIMINARY INSTRUCTION NO. 6

The trial will proceed in the following manner:

First, the plaintiff's lawyer may make an opening statement.  Next, the defendant's lawyer may make an opening statement.  An opening statement is not evidence, but it is a summary of the evidence the lawyers expect you will see and hear during the trial.

After opening statements, the plaintiff will then present evidence. The defendant's lawyer will have a chance to cross-examine the plaintiff's witnesses.  After the plaintiff has finished presenting [his/her/their] case, the defendant[s] may present evidence, and the plaintiff's lawyer will have a chance to cross-examine their witnesses.

After you have seen and heard all of the evidence from both sides, the lawyers will make closing arguments that summarize and interpret the evidence.  Just as with opening statements, closing arguments are not evidence.  After the closing arguments, I will instruct you further on the law.  After the lawyers' arguments and after the court's instructions you will go to the jury room to deliberate and decide on your verdict.

**SOURCE: 8th Cir. Model Civil Jury Inst. 1.09 (Explanatory: Outline of Trial).**

18

## PRELIMINARY INSTRUCTION NO. 7

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read or listen to any statements about this trial in any method of communication, including any newspaper or other written account, any televised account, any radio program, any digital streaming or other production, on the Internet or elsewhere.  Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter.  You must keep your mind open and free of outside information.  Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law.  If you decide this case on anything else, you will have done an injustice.  It is very important that you follow these instructions.

[As I instructed you earlier, it is important that you discharge your duties as jurors without discrimination or bias regarding any party, witness, or counsel on account of race, color, ethnicity, national origin, religion, lack of religion, gender, gender identity, sexual orientation, disability, or economic circumstances.]

19

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

**SOURCE: 8th Cir. Model Civil Jury Inst. 2.01 (Explanatory: Duties of Jury; Recesses).**

## PRELIMINARY INSTRUCTION NO. 8

The plaintiff[s] and the defendant[s] have stipulated – that is, they have agreed – that [certain facts are as counsel have just stated] [the following facts are true].  You must, therefore, treat those facts as having been proved.

**SOURCE:  8th Cir.  Model Civil Jury Inst.  2.03 (Explanatory: Stipulated Facts).**

## PRELIMINARY INSTRUCTION NO. 9

I have decided to accept as proved the following fact[s]:

_____ .

You must accept [(this) (these)] fact[s] as proved.

**SOURCE: 8th Cir. Model Civil Jury Inst. 2.04 (Explanatory: Judicial Notice).**

## PRELMINARY INSTRUCTION NO. 10

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, or other underlying evidence in the case. Those charts or summaries are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and decide the facts from the books, records or other underlying evidence.

**SOURCE: 8th Cir. Model Civil Jury Inst. 2.11 (Explanatory: Demonstrative Summaries Not Received as Evidence).**

## PRELIMINARY INSTRUCTION NO. 11

Testimony will now be presented to you in the form of a deposition. A deposition is the recorded answers a witness made under oath to questions asked by lawyers before trial. The deposition testimony to be offered [was recorded in writing and now will be read to you] [was electronically video recorded and that recording now will be played for you]. You should consider the deposition testimony, and judge its credibility, as you would that of any witness who testifies here in person. [When the deposition is read to you, you should not place any significance on the manner or tone of voice used to read the witness's answers to you.]

**SOURCE: 8th Cir. Model Civil Jury Inst. 2.14 (Explanatory: Deposition Evidence at Trial).**

## CLOSING INSTRUCTION NO. 1

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect.  Now I am going to give you additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now.  Do not single out some instructions and ignore others, because they are all important.  [This is true even though I am not going to repeat some of the instructions I gave you [at the beginning of] [during] the trial.]

[You will have copies of [the instructions I am about to give you now] [all of the instructions] in the jury room.  [You will have copies of some of the instructions with you in the jury room; others you will not have copies of.  This does not mean some instructions are more important than others.] Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

[You must discharge your duties as jurors in your deliberations and rendering of a verdict without discrimination or bias against any party, witness, or counsel regarding race, color, ethnicity, national origin, religion, lack of religion, gender, gender identity, sexual orientation, disability, or economic circumstances.]


**SOURCE: 8th Cir. Model Civil Jury Inst. 3.01 (Explanatory: Additional Instructions).**

## CLOSING INSTRUCTION NO. 2

I have not intended to suggest what I think your verdict[s] should be by any of my rulings or comments during the trial.

[During this trial I have asked some questions of witnesses.  Do not try to guess my opinion about any issues in the case based on the questions I asked.]

**SOURCE: 8th Cir. Model Civil Jury Inst. 3.02 (Explanatory: Judge's Opinion).**

# CLOSING INSTRUCTION NO. 3

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

[In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood. That may depend on whether it has to do with an important fact or only a small detail.]

**SOURCE: 8th Cir. Model Civil Jury Inst. 3.03 (Explanatory: Credibility of Witnesses).**

## CLOSING INSTRUCTION NO. 4

You must decide whether certain facts have been proved by the greater weight of the evidence.  A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true.  You decide that by considering all of the evidence and deciding what evidence is more believable.  Greater weight of the evidence does not necessarily mean the greater number of witnesses or the greater volume of evidence.   Any believable evidence may be enough to prove that a claim is more likely true than not.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

**SOURCE: 8th Cir. Model Civil Jury Inst. 3.04 (Explanatory: Burden of Proof (Ordinary Civil Case) (modified); Jury Instruction Guides, Sixth Edition, Volumes 4 and 4A, Minnesota Practice, at CIVJIG 14.15.**

# CLOSING INSTRUCTION NO. 5

<u>Direct and Circumstantial Evidence</u>

A fact is proved either by direct evidence or circumstantial evidence or both.  The law does not prefer one form of evidence over the other:

1. A fact is proved by direct evidence when, for example, it is provided by a witness who testifies to what he or she saw, heard, or experienced, or by physical evidence of the fact itself.

2. A fact is provided by circumstantial evidence when its existence can be reasonably inferred from other facts proved in the case.

For example, the fact that "a person walked in the snow" could be proved:

1. By an eyewitness who testified directly that he or she saw a person walking in the snow, or

2. By circumstantial evidence of shoe-prints in the snow, from which it can be directly inferred that a person had walked in the snow.

<u>Using Direct and Circumstantial Evidence</u>

You should consider both kinds of evidence.  The law makes no distinction between the weight given to either direct or circumstantial evidence.  It is up to you to decide how much weight to give any kind of evidence.

**SOURCE**: **Jury Instruction Guides, Sixth Edition, Volumes 4 and 4A, Minnesota Practice, at CIVJIG 27.10 (Modified), CIVJIG 12.10.**

## CLOSING INSTRUCTION NO. 6

You have heard testimony from experts who testified to opinions and the reasons for the opinions.  This opinion testimony is allowed because of the education or experience of this witness.

You should judge this opinion testimony just as you would any other testimony.  You may accept it or reject it and give it the weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all other evidence in this case.

**SOURCE: 8th Cir. Model Civil Jury Inst. 3.05 (Explanatory: Expert Opinion).**

## CLOSING INSTRUCTION NO. 7

Sections of *(textbooks)(articles)* have been read to you as evidence in this trial. Weigh this evidence in the same way you would any other evidence. You may use this evidence to decide the truth and weight of what witnesses have said. You also may use this evidence to decide the issues in this case.

**SOURCE: Jury Instruction Guides, Sixth Edition, Volumes 4 and 4A, Minnesota Practice, at CIVJIG 27.10 (Modified), CIVJIG 12.40.**

## CLOSING INSTRUCTION NO. 8

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson.  That person will preside over your discussions and speak for you here in court.

*Second*, your verdict must be the unanimous decision of all jurors. Therefore, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement, if you can do this without going against what you believe to be true.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should.  But, do not come to a decision just because other jurors think it is right, or just to reach a unanimous verdict.  Remember you are not for or against any party.  You are judges – judges of the facts.  Your only job is to study the evidence and decide what is true.

*Third,* during your deliberations, including during any recess taken during deliberations, you must not, directly or indirectly, communicate with or provide any information to anyone by any means or by any medium, about anything relating to this case, until I accept your verdict and discharge you from further service in this case.

33

*Fourth,* as stated in my instructions at the beginning of the trial, you may not in any manner seek out or receive any information about the case from any source other than the evidence received by the court and the law of the case I have provided to you.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.

*Fifth,* if you need to communicate with me during your deliberations, send me a note signed by one or more of you.  Give the note to the [marshal] [bailiff] [court security officer] and I will answer you as soon as I can, either in writing or here in court.  While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Sixth*, nothing I have said or done was meant to suggest what I think your verdict should be.  The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case.  [The form reads: (read form)].  You will take [this] [these] form[s] to the jury room, and when you have all agreed on the verdict[s], your foreperson will fill in the form[s], sign and date [it] [them], and tell the [marshal] [bailiff] [court security officer] that you are ready to return to the courtroom.

34

[If more than one form was furnished, you will bring the unused forms

in with you.]


**SOURCE: 8th Cir. Model Civil Jury Inst. 3.07 (Explanatory: Election of Foreperson; Duty to Deliberate; Communications with Court; Cautionary; Unanimous Verdict; Verdict Form).**

## CLOSING INSTRUCTION NO. 9

Definition of "Reasonable Care"

Reasonable care is the care a reasonable person would use in the same or similar circumstances.

Definition of "Negligence"

Negligence is the failure to use reasonable care.  Ask yourself what a reasonable person would have done in these circumstances.   Negligence occurs when a person:

1. Does something a reasonable person would not do; or

2. Fails to do something a reasonable person would do.

Foreseeability

An injury is foreseeable if a reasonable person in the same or similar circumstances would have foreseen it.  The exact way an injury occurred does not have to be foreseeable.

**SOURCE: Jury Instruction Guides, Sixth Edition, Volumes 4 and 4A, Minnesota Practice, at CIVJIG 27.10 (Modified), CIVJIG 25.10.**

# CLOSING INSTRUCTION 10

A manufacturer has a duty to take reasonable steps to prevent dangers to third parties that result from foreseeable misuse of its product.

**SOURCE:** *McDougall v. CRC Industries, Inc. et al.*, **Memorandum Opinion and Order on Parties' Motions for Summary Judgment and to Exclude Expert Testimony, August 25, 2023 (Doc. 145).**

# CLOSING INSTRUCTION NO. 11

Evidence was presented in this case concerning the Federal Hazardous Safety Act ("FHSA") regulations with respect to CRC Duster. FHSA regulations set forth only the minimum labeling requirements and make up the minimum standards of conduct for Defendant CRC. Thus, even if you find that Defendant CRC Industries met all governmental regulations and requirements, which are minimum standards, such compliance is not a defense if you determine that Defendant CRC did not fulfill their duty of care as a manufacturer.

**SOURCE:** ***Witczak v. Pfizer, Inc.,*** **377 F. Supp. 2d 726, 730-31 (D. Minn. 2005);** ***Kociemba v. G.D. Searle & Co.*, No. 3-85-1599, Slip op. at 5 (D. Minn. May 16, 1988);** ***Kurer v. Parke Davis & Co.*, 679 N.W.2d 867, 876-77 (Wis. Ct. App. 2004);** ***In re Vioxx Products Liability Litigation*, 401 F. Supp. 2d 565, 594-95 (E.D. La. 2005).**

## CLOSING INSTRUCTION NO. 12

Definition of "Direct Cause"

 A "direct cause" is a cause that had a substantial part in bringing about the event. Causes which are foreseeable to the manufacturer are a "direct cause."

**SOURCE: Jury Instruction Guides, Sixth Edition, Volumes 4 and 4A, Minnesota Practice, at CIVJIG 27.10 (Modified); *McDougall v. CRC Industries, Inc. et al.*, Memorandum Opinion and Order on Parties' Motions for Summary Judgment and to Exclude Expert Testimony, August 25, 2023 (Doc. 145).**

## CLOSING INSTRUCTION NO. 13

<u>Definition of "Concurring Cause"</u>

There may be more than one direct cause of the event. This occurs if the effects of the negligence of each of two or more persons work at about the same time to cause the event. If this occurs, each may be a direct cause of the event. As such, you may find that CRC Industries was a direct cause of the injury even if you also find that there are other direct causes of the injury occurring at the same time.

**SOURCE: Jury Instruction Guides, Sixth Edition, Volumes 4 and 4A, Minnesota Practice, at CIVJIG 27.15.**

# CLOSING INSTRUCTION NO. 14

<u>Corporate Responsibility for Employees</u>

Defendant CRC Industries is a corporation and can act only through its officers and employees. The negligence of an officer or employee acting within the scope of his or her employment or authority is the negligence of the corporation.

**SOURCE: Jury Instruction Guides, Sixth Edition, Volumes 4 and 4A, Minnesota Practice, at CIVJIG 30.60.**

## CLOSING INSTRUCTION NO. 15

<u>Definition of Intent or Intentionally</u>

"Intent" or "intentionally" means that a person:

> 1. Wants to cause the consequences of his or her acts, or
>
> 2. Knows that his or her acts are substantially certain to cause those consequences.

**SOURCE: Jury Instruction Guides, Sixth Edition, Volumes 4 and 4A, Minnesota Practice, at CIVJIG 60.10.**

## CLOSING INSTRUCTION NO. 16

Manufacturer's Duty as to Product Design

A manufacturer has a duty to use reasonable care to protect people who are likely to be exposed to unreasonable risk of harm when the product:

1. Is used as intended, or

2. Is misused in a way that the manufacturer knew of or could reasonably have anticipated.

The manufacturer's duty is not limited to product users; the duty is to protect the product's users, along with those who might be injured by the product's use or misuse, from foreseeable danger. A manufacturer must exercise a degree of care in its plan or design so as to avoid any unreasonable risk of harm to anyone who is likely to be exposed to the danger when the product is used in the manner for which the product was intended, as well as an unintended yet foreseeable misuse. A plaintiff is not required to provide proof of an alternative feasible design.

Evaluating Manufacturer's Design Choices

A manufacturer must keep up with knowledge and technology in the field. A manufacturer's duty must be judged according to the knowledge and technology existing at the time the product was sold. In deciding whether a manufacturer has failed to use reasonable care with respect to the manufacturer's design choices, consider all the facts and circumstances, including:

1. The danger presented by the product

2. The likelihood that harm will result from use of the product

3. The seriousness of the harm

4. The cost and ease of taking effective precautions to avoid that harm

5. Whether the manufacturer considered the knowledge and technology in the field

6. The usefulness and desirability of the product—its utility to the user and to the public as a whole

7. The availability of a substitute product that would meet the same need and not be as unsafe

8. The manufacturer's ability to eliminate the unsafe character of the product without impairing its usefulness or making it too expensive to maintain its utility

9. The feasibility, on the part of the manufacturer, of spreading the loss by setting the price of the product or carrying liability insurance.

A product manufacturer may not avoid its duty to design a safe product by letting others make decisions affecting the safety of the product.

<u>Manufacturer's Other Duties</u>

A manufacturer must also use reasonable care in the manufacture, packaging, labeling, warnings, and/or testing of the product to protect users and anyone, including non-users, exposed to dangers when the product is used in an unintended yet reasonably foreseeable way.

<u>Negligence</u>

Failure of the manufacturer to perform any of its duties constitutes

negligence.

**SOURCE: Jury Instruction Guides, Sixth Edition, Volumes 4 and 4A, Minnesota Practice, at CIVJIG 75.35 and 75.20; *Bilotta v. Kelley Co., Inc.*, 346 N.W.2d 616 (Minn. 1984); *Diehl v. 3M Company*, 2019 WL 44122976 (Minn. App. 2019); CIVJIG 75.20 Note; *McDougall v. CRC Industries, Inc. et al.*, Memorandum Opinion and Order on Parties' Motions for Summary Judgment and to Exclude Expert Testimony, August 25, 2023 (Doc. 145).**

## CLOSING INSTRUCTION NO. 17

<u>The Manufacturer's Duty to Provide Adequate Warnings and Instructions</u>

A manufacturer has a duty to provide reasonably adequate (warnings) (instructions) for its products to those who use the product when the product:

1. Is used as intended, or

2. Is used in a way that the manufacturer could reasonably have anticipated, including misuse of the product.

<u>Adequate Warning</u>

A manufacturer must keep up with knowledge and technology in the field.

A manufacturer's duty to provide reasonably adequate (warnings) (instructions) must be judged according to the knowledge and technology that existed at the time the product was sold.

In deciding whether the manufacturer's (warnings) (instructions) were reasonably adequate, consider all the facts and circumstances, including, among others:

1. The likelihood that harm would result from use of the product

2. The seriousness of the harm that would result

3. The cost and east of providing (warnings) (instructions) to avoid the harm

4. Whether the (warnings) (instructions) are in a form the ordinary user could reasonably be expected to notice and understand

46

5. Whether the manufacturer considered the knowledge and technology in the field

6. [Other factors].

A product that is not accompanied by reasonably adequate (warnings) (instructions) is in a defective condition unreasonably dangerous to whoever uses or is affected by the product.

The product must be reasonably safe for use if the (warnings) (instructions) are followed.

**SOURCE: Jury Instruction Guides, Sixth Edition, Volumes 4 and 4A, Minnesota Practice, CIVJIG 75.25 (modified).**

# CLOSING INSTRUCTION NO. 18

Answer Each Question Independently

Questions _ - _ in the verdict form are the damages questions.

You must answer these questions regardless of your answers to the other questions on the verdict form.  Your verdict is not complete until these damages questions are answered.

When you decide damages, do not consider the possible effect of your answers to other questions.

Damages are Money

The term "damages" means a sum of money that will fairly and adequately compensate a person who has been injured or harmed.  Damages may include past and future injury or harm.

**SOURCE: Jury Instruction Guides, Sixth Edition, Volumes 4 and 4A, Minnesota Practice, at CIVJIG 90.10 (modified).**

# CLOSING INSTRUCTION NO. 19

<u>Definition of "Burden of Proof"</u>

A party asking for damages must prove the nature, extent, duration, and consequences of his or her injury or harm.  You must not decide damages based on speculation or guess.  However, proof of damages to an absolute certainty is not required.  Mere difficulty in determining the amount of the loss suffered by an injured person is no reason for denying her substantial damages.

**SOURCE: Jury Instruction Guides, Sixth Edition, Volumes 4 and 4A, Minnesota Practice, at CIVJIG 90.15;** *Austin v. Rosecke***, 61 N.W.2d 240 (Minn. 1953);** *Klingbeil v. Truesdell***, 98 N.W.2d 134 (Minn. 1959).**

## CLOSING INSTRUCTION NO. 20

<u>Deciding the Amount of Damages</u>

In answering question(s) _ - _, you are to decide the amount of money that will fairly and adequately compensate David McDougall and his family for their past and future injury and harm from Cynthia McDougall's death.

<u>Items to Include</u>

You may award damages for the following items if the evidence shows they resulted from the event:

[Insert the elements from CIVJIG 91.10 to 91.35 which are included *infra*]

<u>No Consideration of Other Sources of Payment</u>

Do not consider whether David McDougall has received or may receive payment from other sources.

**SOURCE: Jury Instruction Guides, Sixth Edition, Volumes 4 and 4A, Minnesota Practice, at CIVJIG 90.20.**

## CLOSING INSTRUCTION NO. 21

Money Value of Damages

When you consider damages for claimant, determine an amount of money that will fairly and adequately compensate claimant for the losses he suffered as the result of this death.

You should consider what Ms. McDougall would have provided to the claimant if she had lived.

Factors to Consider

You should consider:

1.  Her contributions in the past

2.  Her life expectancy at the time of her death

3.  Her health, age, habits, talents, and success

4.  Her occupation

5.  Her past earnings

6.  Her likely future earning capacity and prospects of bettering herself had she lived

7.  Her personal living expenses (cost of supporting the child)

8.  Her legal obligation to support the (surviving spouse) (next of kin) and the likelihood that she would have fulfilled that obligation

9.  All reasonable expenses incurred for a funeral and burial (etc.), and all reasonable expenses for support due to her last sickness, including necessary medical and hospital expenses incurred after and as a result of the injuries causing death

51

10. The probability of 's paying the debt owed by _____ to _____

11. The counsel, guidance, and aid she would have given (claimant)

12. The advice, comfort, assistance, companionship, and protection that Ms. McDougall would have given if she had lived.

## Lost Time Together

Decide the length of time those related might be expected to survive together. You should compare the life expectancy of Ms. McDougall with the life expectancy of each claimant.

Take into account only the amount of time the two being compared would be expected to survive together.

Base your money damages for each claimant on the shorter life expectancy of the two being compared.

## Items to Exclude

Do not include amounts for:

1. Punishing the defendant

2. Grief or emotional distress of the surviving spouse and the next of kin, or

3. For the pain and suffering of Ms. McDougall before her death.

<u>Factors to Exclude</u>

Do not be influenced by the fact that:

1. [The (surviving spouse) (next of kin) (may have received) (may get) money or other property from Ms. McDougall's estate], or.

2. [The (surviving spouse) (next of kin) (may collect) (has collected) insurance or workers' compensation benefits because of Ms. McDougall's death], or

3. [The surviving spouse has remarried], or

4. [The minor children have been emancipated], or

5. [There is no legal obligation to support the next of kin].

You must determine the total amount of money that will fairly and adequately compensate the (claimant) for the damages suffered as the result of this death.

**SOURCE: Jury Instruction Guides, Sixth Edition, Volumes 4 and 4A, Minnesota Practice, at CIVJIG 91.75.**

## CLOSING INSTRUCTION NO. 22

Calculate Life Expectancy

According to life expectancy tables, the future life expectancy of a ____-year-old (male) (female) is _____ years. This means (he) (she) is expected to live to age ___.

Use this figure to help you determine the probable life expectancy of (name). It is not conclusive proof of (his) (her) life expectancy, and you are not bound by it. It is only an estimate based on average experience.

You may find that (name) (might live) (would have lived) a longer or shorter period than that given in these tables.

Consider this figure along with evidence of the health, physical condition, habits, occupation, and surroundings of (name) and other circumstances that might affect (his) (her) life expectancy.

**SOURCE: Jury Instruction Guides, Sixth Edition, Volumes 4 and 4A, Minnesota Practice, at CIVJIG 91.85.**

Respectfully submitted,

Dated:  December 22, 2023          ROBINS KAPLAN LLP

By: */s/Tara D. Sutton*
    Tara D. Sutton (#23199X)
    Philip Sieff (#169845)
    Rashanda C. Bruce (#0400019)
    Michael D. Reif (#0386979)
    Julie A. K. Reynolds (#0392426)
    800 LaSalle Ave., Suite 2800
    Minneapolis, MN 55402
    Telephone: 612.349.8500
    Facsimile: 612.339.4181
    *tsutton@robinskaplan.com*
    *psieff@robinskaplan.com*
    *rbruce@robinskaplan.com*
    *mreif@robinskaplan.com*
    *jreynolds@robinskaplan.com*

    *Attorneys for Plaintiff David A.*
    *McDougall*