UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| David A. McDougall, Individually and as Trustee for the Next-of-Kin of Decedent Cynthia A. McDougall,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CRC Industries, Inc., and John Doe Company Defendants #1-10,<br><br>　　　　　Defendants. | Case No. 20-cv-1499 (JRT/LIB)<br><br>**PLAINTIFF<br>DAVID A. McDOUGALL'S<br>PROPOSED SPECIAL VERDICT<br>FORM** |

We, the jury impaneled and sworn to try the issues in the above-entitled case, do hereby answer the questions submitted to us by the Court as follows:

### NEGLIGENCE

1. Was CRC Industries, Inc. negligent in creating an unreasonable risk of harm to third parties from the misuse of CRC Duster?

   \_\_\_\_Yes　　\_\_\_\_No

2. *If your answer to Question 1 is "Yes," then answer this question:* Did CRC Industries, Inc.'s negligence play a substantial part in bringing about the crash that killed Cynthia McDougall?

   \_\_\_\_Yes　　\_\_\_\_No

## STRICT LIABILITY

3. Was CRC Duster in a defective condition and unreasonably dangerous to users of the product and the general public because of CRC's design?

    \_\_\_\_Yes       \_\_\_\_No

4. *If your answer to Question 3 was "Yes," then answer this question:* Was that design a direct cause of the crash that killed Cynthia McDougall?

    \_\_\_\_Yes       \_\_\_\_No

5. Was CRC Duster in a defective condition and unreasonably dangerous to users of the product and the general public because CRC failed to provide adequate warnings for the reasonably foreseeable misuse of its product?

    \_\_\_\_Yes       \_\_\_\_No

6. *If your answer to Question 5 was "Yes," then answer this question:* Were the inadequate warnings a direct cause of the crash that killed Cynthia McDougall?

    \_\_\_\_Yes       \_\_\_\_No

## KYLE NEUMILLER

7. Did Kyle Neumiller misuse CRC Duster on July 22, 2019, while driving a motor vehicle?

    \_\_\_\_Yes       \_\_\_\_No

8. *If your answer to Question 7 is "Yes," then answer this question:* Did Kyle Neumiller know his misuse of CRC Duster while driving on July 22, 2019, was substantially certain to result in harm?

    \_\_\_\_Yes       \_\_\_\_No

9.  Did Kyle Neumiller's conduct play a substantial part in bringing about the crash that killed Cynthia McDougall?

    \_\_\_\_Yes     \_\_\_\_No

*If your answer to Question 8 was "Yes," then do not answer Question 10 and proceed to Questions 11 and 12.*

*If your answer to Question 8 was "No" but your answers to Questions 2 and 9 were "Yes," then answer this Question:*

10. Taking all of the fault that played a substantial part in bringing about Cynthia McDougall's death as 100%, what percentage of fault do you attribute to:

    **CRC Industries, Inc.**

    _____%

    **Kyle Neumiller**

    _____%

    TOTAL 100%

*REGARDLESS of your answers to the Questions 1 through 10, answer the following Questions 11 and 12:*

3

## DAMAGES

11. What amount of money will fairly and adequately compensate the surviving spouse, minor child, and other next of kin of Cynthia McDougall's family for the damages they have experienced up to the date of this verdict as a result of CRC's Duster for:

    a. Loss of counsel, guidance, aid, advice, comfort, assistance, companionship, and protection    $_____

    b. Economic losses    $_____

12. What amount of money will fairly and adequately compensate Cynthia McDougall's surviving spouse, minor child, and other next of kin for damages they are reasonably certain to experience as a result of Cynthia McDougall's death, for:

    a. Loss of counsel, guidance, aid, advice, comfort, assistance, companionship, and protection    $_____

    b. Economic losses    $_____

4

BY THE JURY

_____  _____
Date                                                          Foreperson

Respectfully submitted,

Dated:  December 22, 2023                    **ROBINS KAPLAN LLP**

By: */s/Tara D. Sutton*
    Tara D. Sutton (#23199X)
    Philip Sieff (#169845)
    Rashanda C. Bruce (#0400019)
    Michael D. Reif (#0386979)
    Julie A. K. Reynolds (#0392426)
    800 LaSalle Ave., Suite 2800
    Minneapolis, MN 55402
    Telephone: 612.349.8500
    Facsimile: 612.339.4181
    *tsutton@robinskaplan.com*
    *psieff@robinskaplan.com*
    *rbruce@robinskaplan.com*
    *mreif@robinskaplan.com*
    *jreynolds@robinskaplan.com*

***Attorneys for Plaintiff David A. McDougall***