UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| David A. McDougall, *Individually and as Trustee for the Next-of-Kin of Decedent Cynthia A. McDougall*,<br><br>        Plaintiff,<br>v.<br><br>CRC Industries, Inc., and John Doe Company Defendants #1-10<br><br>        Defendants. | Civil No. 20-1499 (JRT-LIB)<br><br>**CRC'S STATEMENT OF THE CASE** |

Defendant CRC Industries, Inc. ("CRC") submits this statement of the case indicating the facts that it intends to prove, noting unresolved substantive, evidentiary, and procedural issues, and indicating the estimated length of time for the trial.

### 1. Facts CRC intends to prove

CRC intends to show that Plaintiff cannot sustain its burden of proof as to any of the claims it asserts against CRC. CRC will show that its actions cannot be fairly characterized as misfeasance and that therefore it cannot be said that CRC owed Cynthia McDougall (or Plaintiff) a legal duty.

Likewise, CRC will show that it acted responsibly in developing and selling its Duster product and that Plaintiff cannot meet its burden to prove a breach of a relevant standard of care, that CRC sold a product in a defective condition, or that CRC failed to provide adequate warnings.

Further, CRC intends to show that nothing it did caused Cynthia McDougall's death, and that the conduct of others, including Kyle Neumiller, caused it. CRC will show that this is true regardless of whether the jury believes that Neumiller was huffing while driving on July 22, 2019, which he denies.

**2.     Unresolved substantive, evidentiary, and procedural issues**

The primary substantive issues that remain unresolved after the Court's summary-judgment order are simply the elements of the negligence, design-defect, and failure-to-warn claims remaining from Plaintiff's complaint. Under Minnesota law, these legal theories have been "effectively merged into a single theory of products liability." *Kapps v. Biosense Webster, Inc.*, 813 F. Supp. 2d 1128, 1146 (D. Minn. 2011).

The elements of duty, breach, and causation that are fundamental to Plaintiff's products-liability claim are all contested. Among the substantive issues that CRC intends to resolve at trial are the following:

- That CRC's own conduct was not misfeasance, meaning that CRC did not owe a duty to Cynthia McDougall or Plaintiff and cannot be held liable for the harm caused by third party Kyle Neumiller. *See, e.g., Fenrich v. The Blake School*, 920 N.W.2d 195, 203-04 (Minn. 2018).

- That the risk that a third party would intentionally misuse Duster while driving and kill a bystander was not legally foreseeable and CRC did not owe a duty to Cynthia McDougall or Plaintiff. *See id.* at 205-06.

2

- That a third-party bystander was not a legally foreseeable plaintiff and thus CRC did not owe a duty. *See Smits as Trustee for Short v. Park Nicollet Health Servs.*, 979 N.W.2d 436, 457-60 (Minn. 2022).

- That CRC Duster was not defectively designed and thus CRC did not breach any alleged duty to Plaintiff or Ms. McDougall. *See Bilotta v. Kelley Co.*, 346 N.W.2d 616, 621-23 (Minn. 1984).

- That CRC did not breach any duty that it owed to Plaintiff or Ms. McDougall related to CRC Duster's warnings. *See Tuttle v. Lorillard Tobacco Co.*, 377 F.3d 917, 924-25 (8th Cir. 2004).

- That CRC did not proximately cause Plaintiff's injuries and/or that Kyle Neumiller's actions were a superseding cause. *See Canada By & Through Landy v. McCarthy*, 567 N.W.2d 496, 506-07 (Minn. 1997).

In addition to these substantive issues, there are a variety of unresolved evidentiary and procedural issues that are the subject of motions in limine being filed today by both sides.

Based on discussion at a recent mediation and in a meet-and-confer call yesterday, CRC's understanding is that Plaintiff is going to take the position that the verdict form to be given to the jury in this case should not include a line for Kyle Neumiller's fault. Plaintiff's counsel has indicated that they plan to file a brief on this topic, apparently separate from the various filings this Court has ordered the parties to make by today, December 22, 2023. CRC will respond to that brief, but

3

will note here for the Court that Minnesota law very clearly requires that there be a line on the verdict form for Mr. Neumiller's fault.

As with other substantive-law issues in this case where the Court's jurisdiction is based on diversity of citizenship, Minnesota law applies to the question of whether the jury should be asked to compare Neumiller's fault with CRC's alleged fault at trial. *See Aragon v. Wal-Mart Stores East, LP*, 735 F.3d 807, 809 (8th Cir. 2013); *see also, e.g.*, *In re McNeilus Mfg. Explosion Coordinated Litig.*, 381 F. Supp. 3d 1075, 1080 (D. Minn. 2019) (invoking Minnesota's comparative-fault statute). And Minnesota law is clear that the jury must be directed to allocate fault between all potentially negligent tortfeasors regardless of whether they are parties to the case. Minnesota's comparative-fault regime is codified at Minn. Stat. § 604.02 and provides in relevant part that "[w]hen two or more persons are severally liable, contributions to awards shall be in proportion to the percentage of fault attributable to each[.]" *Id.* § 604.02, subd. 1. Minnesota law defines "fault" to mean "acts or omissions that are in any measure negligent or reckless toward the person or property of … others, or that subject a person to strict tort liability" and specifically includes "misuse of a product." *Id.* § 604.01, subd. 1a. In other words, even if Plaintiff persuades a jury that Neumiller fatally collided with Ms. McDougall because he had been huffing CRC Duster while driving, Neumiller's misuse of CRC's product is specifically called out in the statute as a type of fault that must be compared under Minnesota's statutory comparative-fault scheme.

4

The fact that Neumiller is not a party to this case does not change the fact that his name must appear on the verdict form. That precise question was decided by the Minnesota Supreme Court in *Staab v. Diocese of St. Cloud*, 813 N.W.2d 68, 77 (Minn. 2012). The Minnesota Supreme Court's unambiguous conclusion was that "section 604.02 applies whenever multiple tortfeasors act to cause an indivisible harm to a victim, regardless of how many of those tortfeasors are named as parties in a lawsuit arising from that tort." *Id.* Plaintiff has clearly *alleged* that both Neumiller and CRC are tortfeasors whose collective actions resulted in one indivisible injury: Cynthia McDougall's death. *See* Compl. (Doc. 1) ¶ 6 ("Kyle Neumiller was driving his motor vehicle while high on CRC['s] dust remover . . . Cynthia McDougall's tragic death would have been avoided altogether if CRC Industries had not . . . distributed and sold CRC duster . . . ."). Under these circumstances, *Staab* squarely applies and mandates that the jury be permitted to "apportion[] fault between a sole defendant [i.e., CRC] and a nonparty tortfeasor [i.e., Neumiller]." *Staab*, 813 N.W.2d at 80.

It is worth noting that whether the fault of negligent tortfeasors should be compared is not a matter committed to the Court's discretion. The comparative-fault statute says that "[t]he court may, *and when requested by any party* **shall**, direct the jury to find separate special verdicts determining the amount of damages and the percentage of fault attributable to each party[.]" Minn. Stat. § 604.01, subd. 1 (emphasis added). Kyle Neumiller's name should be on the verdict form.

3. **Estimated length of time for the entire trial, including jury selection and jury charge**

Trial is estimated to require two weeks.

CRC asks that the Court assign an equal number of hours to each side as a maximum time limit on each side's presentation of argument and direct or cross examination of witnesses.  CRC's motion in limine #6 addresses this point.

Dated:  December 22, 2023.	s/ *Robert J Gilbertson*
	Robert J. Gilbertson  (# 22361X)
	David J. Wallace-Jackson  (# 288767)
	Virginia R. McCalmont  (# 399496)
	FORSGREN FISHER MCCALMONT
	   DEMAREA TYSVER LLP
	Capella Tower
	225 South 6th Street, Suite 1500
	Minneapolis, MN 55402
	(612) 474-3300
	bgilbertson@forsgrenfisher.com
	dwallace-Jackson@forsgrenfisher.com
	vmcCalmont@forsgrenfisher.com

	*Attorneys for Defendant CRC Industries, Inc.*