## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| David A. McDougall, *Individually and as Trustee for the Next-of-Kin of Decedent Cynthia A. McDougall*, | Civil No. 20-1499 (JRT-LIB) |
| Plaintiff, | |
| v. | **CRC'S PROPOSED JURY INSTRUCTIONS** |
| CRC Industries, Inc., and John Doe Company Defendants #1-10 | |
| Defendants. | |

Defendant CRC Industries, Inc. ("CRC") respectfully asks that the following proposed instructions be delivered to the jury. These are preliminary requests that may require modification, addition, or deletion based on the Court's decisions on the parties' motions in limine, as well as based on the actual evidence and arguments presented at trial. By proposing these instructions, CRC does not waive, and instead fully preserves, all objections and arguments set forth in pretrial and other motion papers in this case.

CRC lists all of the instructions that it asks this Court to deliver in the Index of this document. In some instances, CRC is asking for an unmodified version of an Eighth Circuit Model Civil Jury Instruction. Unmodified Eighth Circuit Model Civil Jury Instructions that CRC asks this Court to deliver are identified in the Index, but their text is not set forth in this document. When CRC requests modifications to Eighth Circuit Model Civil Jury Instructions or for the delivery of instructions from other

sources (for example, instructions drawn from the Minnesota Civil Jury Instructions, or "CIVJIG"), CRC provides the text of the instruction that it requests.  CRC has indicated modifications to model instructions on which it draws in red text.

## INDEX

**Proposed Instruction No.**                                                      **Page**

*Preliminary Instructions*

1.   Before voir dire
     (8th Cir. Civ. § 1.01) (modified) ............................................................. 7

2.   Recess at end of voir dire
     (8th Cir. Civ. § 1.02) (unmodified).......................................................n/a

3.   General; nature of case; duty of jury; cautionary
     (8th Cir. Civ. § 1.03) (modified)............................…..........................11

4.   Corporations stand equal before the law
     (D. Minn. Case No. 11-cv-2368) (unmodified)...........................................14

5.   Evidence; limitations
     (8th Cir. Civ. § 1.04) (unmodified) ........................................................ n/a

6.   Bench conferences and recesses
     (8th Cir. Civ. § 1.05) (unmodified) ........................................................ n/a

7.   No transcript available [note-taking]
     (8th Cir. Civ. § 1.06) (unmodified) ........................................................ n/a

8.   Conduct of the jury
     (8th Cir. Civ. § 1.08) (unmodified) ........................................................ n/a

9.   Outline of trial
     (8th Cir. Civ. § 1.09) (unmodified) ........................................................ n/a

*Instructions During Trial*

10.   Duties of jury; recesses
      (8th Cir. Civ. § 2.01) (unmodified) ....................................................... n/a

11.   Demonstrative summaries not received as evidence
      (8th Cir. Civ. § 2.11) (unmodified) ...................................................... n/a

12.   Deposition evidence at trial
       (8th Cir. Civ. § 2.14) (unmodified) ................................................................... n/a

13.   Life expectancy evidence
       (8th Cir. Civ. § 2.15) (unmodified) ................................................................... n/a

### *Final Instructions*

14.   Introduction to the final charge: province of the court and of the jury
       (1A Fed. Jur. Prac. & Instr. § 12:01) (modified) ............................................16

15.   Judge's opinion
       (8th Cir. Civ. § 3.02) (unmodified) ................................................................... n/a

16.   Credibility of witnesses
       (8th Cir. Civ. § 3.03) (unmodified) ................................................................... n/a

17.   Burden of Proof
       (8th Cir. Civ. § 3.04) (modified) .........................................................................18

18.   Expert opinion
       (8th Cir. Civ. § 3.05) (unmodified) ................................................................... n/a

19.   Summary of claims ...............................................................................................19

20.   Negligence, reasonable care—basic definitions
       (CIVJIG 25.10) (modified).....................................................................................20

21.   Duty—own conduct, foreseeability
       (CIVJIG 25.10) (modified).....................................................................................21

22.   Breach—design defect
       (CIVJIG 75.20) (modified).....................................................................................23

23.   Breach—failure to warn
       (CIVJIG 75.25) (modified).....................................................................................26

24.   Causation—direct cause
       (CIVJIG 75.50) (modified).....................................................................................28

25.   Causation—superseding cause
       (CIVJIG 27.20) (modified).....................................................................................29

26.  Comparative fault—absent parties
     (CIVJIG 15.40) (modified) ................................................................30

27.  Definition of "fault"
     (CIVJIG 28.15) (modified) ................................................................31

28.  Negligence—common law duties—driver—pedestrian
     (CIVJIG 65.10) (modified) ................................................................32

29.  Damages—definition
     (CIVJIG 90.10) (modified) ................................................................33

30.  Damages—burden of proof
     (CIVJIG 90.15) (modified) ................................................................34

31.  Measure of damages—wrongful death
     (CIVJIG 91.75) (modified) ................................................................35

32.  Adjustment of future damages—present cash value
     (CIVJIG 90.25) (modified) ................................................................38

33.  Election of foreperson; duty to deliberate; communications with court;
     cautionary; unanimous verdict; verdict form
     (8th Cir. Civ. § 3.07) (unmodified) ................................................ n/a

# PRELIMINARY INSTRUCTIONS

**Proposed Instruction No. 1**

*Before voir dire*

Members of the Jury Panel, we are about to begin the process of selecting which of you will be the jury that tries this case. In that process you will be asked questions by me or by the attorneys or by both that touch on your qualifications to sit as jurors in this case. You will be placed under oath or asked to affirm that you will truthfully and completely answer these questions put to you.

Your undivided attention to this process is very important. So, if you have a cell phone or other communication device, please take it out now and turn it off. Do not turn it to vibration or silent; please power it down or off. During this jury selection process, you must leave it off. (Pause for thirty seconds to allow them to comply, then tell them the following.)

During this jury selection process and during the trial, it is important that all the information you receive about the case comes from the courtroom. So, from now on until you are discharged from the case you may not discuss this case with anyone and that includes the other potential jurors, except during deliberations if you are selected as a juror. However, you may tell your family, close friends, and other people about your participation in this trial, but only so they will know when you are required to be in court. If you do that, please warn them not to ask you about this case or try to tell you anything they know or think they know about it, or discuss this case in your presence.

Also, just as importantly, you must not communicate any information at all about the case to anyone by any means, directly or indirectly, in face-to-face conversation or by any digital media.

When I say you cannot communicate with anyone about the case in any way, this includes communications in writing, through email, via text messaging, on blogs, via comments, posts, or by accessing any social media websites and apps [give examples of currently popular social media applications, e.g., Twitter, Facebook, Instagram, LinkedIn, YouTube, WhatsApp, Snapchat, Tiktok, and NextDoor]. Similarly, you cannot post your own thoughts on any aspect of the trial. The point is that you must not access or allow any app or communication of any kind to expose you to outside information or opinions about this case, or to expose others to your opinions about the case, during the trial. Many of the tools you use to access email, social media, and the internet display third-party notifications, pop-ups, or ads while you are using them. These communications may be intended to persuade you or your community on an issue and could influence you in your service as a juror in this case. For example, while accessing your email, social media, or the internet, through no fault of your own, you might see popups containing information about this case or the matters, legal principles, individuals or other entities involved in this case. [This means you will need to stay off all social media platforms for the duration of the trial.] These are only examples. The sole exception to this rule about communications will occur during deliberations, when I will direct you to discuss the case with the other jurors.

Throughout the trial, and even during deliberations, you also cannot conduct any type of independent or personal research or investigation regarding any matters related to this case. Therefore, you cannot use your cellphones, iPads, notebooks, tablets, computers or any other device to do any research or investigation regarding this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This includes accessing sites such as Google Maps, Google Earth, Casenet, PACER, or any other internet search engines. You must also ignore any and all information about the case you might see, even accidentally, while using your phone, browsing online, or accessing online or electronic apps. This prohibition is mandatory because you must base the decisions you will make in this case solely on what you hear and see in this courtroom.

If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by the opinions of people other than the other jurors. That would not be fair to the parties and it would result in a verdict that is not based entirely on the evidence in court and the law the court gives you.

It is very important that you abide by these rules. Failure to follow these instructions, and indeed any instructions the court gives you during the trial could result in the case having to be retried. And failure to follow these and the court's other instructions could result in you being held in contempt of court and punished accordingly.

Those of you who are selected to try this case will receive similar instructions as we go through the trial.

Are there any of you who cannot or will not abide by these rules concerning communication with others during this trial? (Then continue with voir dire.)[1]

---

[1] Eighth Circuit Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit § 1.03 (2023) (hereinafter "Eighth Circuit Model Civil Jury Instructions") (modified to add the paragraphs in red text, which are taken from the Eighth Circuit Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit § 0.01 (2023)).

## Proposed Instruction No. 3

*General; Nature of Case; Duty of Jury; Cautionary*

Members of the Jury: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions – those I give you now and those I give you later – whether they are in writing or given to you orally – are equally important and you must follow them all.

[Describe your court's digital electronic device policy, such as "You must leave your cell phone, PDA, smart phone, iPhone, tablet computer, and any other wireless communication devices] in the jury room during the trial and may only use them during breaks. However, you are not allowed to have those devices in the jury room during your deliberations. You must give them to the [bailiff] [deputy clerk] [court security officer] for safekeeping just before you start to deliberate. They will be returned to you when your deliberations are complete."]

This is a civil case brought by plaintiff David McDougall against defendant CRC Industries, Inc. Mr. McDougall's wife, Cynthia McDougall, was killed in a car accident. The car that collided with Ms. McDougall's car was driven by a man named Kyle Neumiller.  Mr. McDougall alleges that Mr. Neumiller lost control of his vehicle after intentionally inhaling an aerosol duster product that is manufactured by CRC. Mr. McDougall claims that CRC's manufacture and sale of its product was negligent, that the product was defectively designed, and that CRC failed to provide adequate warnings.  CRC denies these allegations and denies that it is responsible for Ms.

McDougall's death.  It will be your duty to decide from the evidence whether or not Mr. McDougall is entitled to a verdict against CRC.  If you decide that Mr. McDougall is entitled to a verdict against CRC, then it will be your duty to assign percentages of fault for Ms. McDougall's accident to CRC and to Mr. Neumiller and to Ms. McDougall.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or what I think your verdict should be.[2]

---

[2] Eighth Circuit Model Civil Jury Instructions § 1.03 (2023) (modified to add the paragraph in red text).

**Proposed Instruction No. 4**

*Corporations stand equal before the law*[3]

Defendant CRC is a corporation and is entitled to the same fair trial as a private individual. All persons, including corporations, stand equal before the law and are to be treated as equals.

---

[3] *Thull v. Techtronic Indus. N. Am.*, 11-CV-2368 (PJS/LIB), Final Jury Instruction No. 7 (Doc. 237) (D. Minn. Oct. 23, 2014).

**FINAL INSTRUCTIONS**

**Proposed Instruction No. 14**

*Introduction to the final charge—province of court and jury*[4]

Members of the jury:

Now that you have heard all the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case. You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court—those given to you at the beginning of the trial, those given to you during the trial, and these final instructions—must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law but must consider the instructions as a whole in reaching your decisions.

---

[4] Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, 1A Federal Jury Practice and Instructions § 12:01 (6th ed. 2023) (modified).

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court just as it would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as juror for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented ~~by the allegations brought by the government in the indictment and the plea[s] of not guilty by the defendant[s]~~.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice—through trial by jury—depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

**Proposed Instruction No. 17**

*Burden of Proof: Preponderance of the Evidence*[5]

Plaintiff has the burden of proving his case. You must decide whether certain facts have been proved [by the greater weight of the evidence]. A fact has been proved [by the greater weight of the evidence] if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

If you find that Plaintiff has failed to prove any element of his claim, then he may not recover on that claim.

---

[5] Eighth Circuit Model Civil Jury Instructions § 3.04 (modified with additions in red text from Fifth Circuit Model Civil Jury Instructions § 3.2 (2020) ("Plaintiff [name] has the burden of proving [his/her/its] case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff [name] has failed to prove any element of [his/her/its] claim by a preponderance of the evidence, then [he/she/it] may not recover on that claim.")).

**Proposed Instruction No. 19**

*Summary of claims*

As I have told you, this is a civil lawsuit brought by David McDougall against CRC relating to a product manufactured by CRC called Duster.  Plaintiff claims that CRC was negligent, that its product was defectively designed, and that CRC did not provide adequate warnings. CRC denies that it was negligent; denies that its product was defective; and denies that it failed to provide adequate warnings.

CRC also asserts that Kyle Neumiller, the driver of the car that collided with and killed Cynthia McDougall, is at fault for Plaintiff's injuries.

I will now instruct you on the law you will apply.

**Proposed Instruction No. 20**

*Negligence, reasonable care—basic definitions*

Negligence is the failure to use reasonable care.  Reasonable care is the care a reasonable person would use in the same or similar circumstances. Ask yourself what a reasonable person would have done in these circumstances.

Negligence occurs when a person: 1. Does something a reasonable person would not do; or 2. Fails to do something a reasonable person would do.[6]

A claim of negligence has four elements.  In order to prevail on his claim, Plaintiff must prove each of the following elements by the greater weight of the evidence:

First, Plaintiff must prove that CRC owed a duty to Plaintiff.

Second, Plaintiff must prove that CRC breached the duty that it owed to Plaintiff.

Third, Plaintiff must prove that CRC's breach of duty caused his injury.

Fourth, Plaintiff must prove that he was injured by CRC's breach of duty.[7]

I will now provide you with more specific instructions on each of these elements.

---

[6] 4A Minn. Prac., Jury Instr. Guides – Civil CIVJIG 25.10 (6th ed.) (hereinafter "CIVJIG") (modified so that the definition of "reasonable care" follows the use of that term in the first sentence of the definition of "negligence").

[7] *Domagala v. Rolland*, 805 N.W.2d 14, 22 (Minn. 2011).

## Proposed Instruction No. 21

*Duty—own conduct, foreseeability*

You must first decide whether Plaintiff has proved that CRC owed a duty to him.

A manufacturer has a duty when its own conduct creates a foreseeable risk of injury to a foreseeable plaintiff.[8]

As a general rule, a person does not owe a duty of care to another if the harm is caused by a third party.[9] But there is an exception to that rule in circumstances where a defendant's own conduct creates a foreseeable risk of injury.[10]

To decide whether a defendant's own conduct creates a foreseeable risk of injury, you must distinguish between two types of conduct: misfeasance and nonfeasance. Misfeasance is active misconduct working positive injury to others. Nonfeasance is passive inaction or a failure to take steps to protect others from harm. If a defendant's conduct is mere nonfeasance, that defendant does not owe a duty of care to the plaintiff for harm caused by a third party.[11]

If a defendant engages in misfeasance, however, it may be liable for a foreseeable risk of injury to a foreseeable plaintiff.

---

[8] *Domagala v. Rolland*, 805 N.W.2d 14, 23 (Minn. 2011); *Fenrich v. The Blake School*, 920 N.W.2d 195, 202 (Minn. 2018).

[9] *Fenrich v. The Blake School*, 920 N.W.2d 195, 201 (Minn. 2018) ("As a general rule, 'a person does not owe a duty of care to another . . . if the harm is caused by a third party's conduct.'" (quoting *Doe 169 v. Brandon*, 845 N.W.2d 174, 177 (Minn. 2014)).

[10] *Fenrich*, 920 N.W.2d at 202.

[11] *Fenrich*, 920 N.W.2d at 203.

An injury is foreseeable if a reasonable person in the same or similar circumstances would have foreseen it. The exact way an injury occurred does not have to be foreseeable.[12] But to be foreseeable, it has to have been objectively reasonable to expect the specific danger that caused the injury. It is not enough for an injury to have been within the realm of any conceivable possibility.[13]

---

[12] CIVJIG 25.10 (unmodified).

[13] *Domagala v. Rolland*, 805 N.W.2d 14, 23 (Minn. 2011) ("To determine whether risk of injury from the defendant's conduct is foreseeable we look at whether the specific danger was objectively reasonable to expect, not simply whether it was in the realm of any conceivable possibility.").

## Proposed Instruction No. 22

*Breach—design defect*

If you decide that CRC owed a duty to Plaintiff, you must next decide whether CRC breached that duty. Plaintiff alleges that CRC breached its duties with respect to Duster's design and warnings. I will instruct you on each of these alleged breaches of duty separately.

### Manufacturer's duty as to product design[14]

A manufacturer has a duty to use reasonable care to design a product that is not in a defective condition unreasonably dangerous to (buyers of, }(users of, or }(those exposed to)(property exposed to) the product when the product:

1. Is used as intended, or

2. Is used in a way that the manufacturer could reasonably have anticipated.

### Evaluating manufacturer's design choices[15]

A manufacturer must keep up with knowledge and technology in the field.

A manufacturer's duty must be judged according to the knowledge and technology existing at the time the product was sold.

---

[14] CIVJIG 75.20 (modifications in red text).

[15] CIVJIG 75.20 & Use Note (CIVJIG 75.20 modified to add "other factors" as contemplated by the CIVJIG. The added factors are set forth in red text and are modified versions of those listed in CIVJIG 75.20's Use Note.)

In deciding whether a product was in a defective condition unreasonably dangerous because of the manufacturer's design choices, consider all the facts and circumstances, including:

1. The danger presented by the product

2. The obviousness of the danger

3. The user's ability to avoid danger by the exercise of care in the use of the product

4. The likelihood that harm will result from use of the product

5. The seriousness of the harm

6. The cost and ease of taking effective precautions to avoid that harm

7. Whether the manufacturer considered the knowledge and technology in the field

8. The usefulness and desirability of the product—its utility to the user and to the public as a whole

**Feasible alternative design[16]**

If it has been suggested that there is an alternative design for a product that would make it safer, you must decide whether that alternative design is feasible. In deciding if the suggested alternative design was feasible at the time the product was manufactured, consider these factors:

---

[16] CIVJIG 75.20 Authorities (recommended instruction on feasible alternative design, modified to add prefatory language in red text).

1. Technologically feasible. Was the suggested alternative design technologically feasible? The alternative design was "technologically feasible" if, given the state of technology at the time the product was manufactured, the alternative design was technologically available.

2. Safety. Would the suggested alternative design have been safe? In other words, would the suggested alternative design have provided:

> a. Overall safety as good as or better than the actual design that (the manufacturer) used, and

> b. Better protection against the particular hazard or risk of injury created by the product?

3. Cost. Would the suggested alternative design have significantly increased the cost of the product?

4. Performance. Would the suggested alternative design have affected the performance of the product?

For the suggested alternative design to have been feasible at the time the product was manufactured, you must find that: (1) the suggested alternative design was technologically feasible, and (2) any increases in the cost or changes in the performance of the product would have been outweighed by the added safety of the suggested alternative design.

## Proposed Instruction No. 23

*Breach—failure to warn*[17]

**A manufacturer's duty to provide adequate warnings and instructions**

A manufacturer has a duty to provide reasonably adequate (warnings)(instructions) for its products to those who use the product when the product:

1. Is used as intended, or

2. Is used in a way that the manufacturer could reasonably have anticipated.

**Adequate warning**

A manufacturer must keep up with knowledge and technology in the field.

A manufacturer's duty to provide reasonably adequate (warnings)(instructions) must be judged according to the knowledge and technology that existed at the time the product was sold.

In deciding whether the manufacturer's (warnings)(instructions) were reasonably adequate, consider all the facts and circumstances, including, among others:

1. The likelihood that harm would result from use of the product

2. The seriousness of the harm that would result

3. The cost and ease of providing (warnings)(instructions) to avoid the harm

---

[17] CIVJIG 75.25 (modifications in red text).

4. Whether the (warnings)(instructions) are in a form the ordinary user could reasonably be expected to notice and understand

5. Whether the manufacturer considered the knowledge and technology in the field

6. [Other factors].

A product that is not accompanied by reasonably adequate (warnings)(instructions) is in a defective condition unreasonably dangerous to whoever uses or is affected by the product.

The product must be reasonably safe for use if the (warnings)(instructions) are followed.

**Proposed Instruction No. 24**

*Causation—direct cause*

If you find that CRC owed a duty of care to Plaintiff and breached that duty, you must next decide whether CRC directly caused Plaintiff's injury.

**Definition of "direct cause"[18]**

A "direct cause" is a cause that had a substantial part in bringing about the ~~(collision)(accident)(event)(harm)(~~injury~~)~~.

---

[18] CIVJIG 75.50 (modifications in red text).

## Proposed Instruction No. 25

*Causation—superseding cause*

**Definition of "superseding cause"[19]**

However, a cause is not a direct cause when there is a superseding cause.

A cause is a superseding cause when four conditions are present:

1. It happened after the original ~~(negligence)~~(fault~~)~~; and

2. It did not happen because of the original ~~(negligence)~~(fault~~)~~; and

3. It changed the natural course of events by making the result different from what it would have been; and

4. The original wrongdoer could not have reasonably anticipated this event.

---

[19] CIVJIG 27.20 (modifications in red text).

## Proposed Instruction No. 26

*Comparative fault—absent parties*

In reaching your verdict, you must also decide all the parties that are at fault for Plaintiff's injuries.  If you decide that multiple parties are at fault for Plaintiff's injuries, you must decide the percentage of fault attributable to each.[20]

### Division of fault—absent parties[21]

Even though Mr. Neumiller (name)(was never)(no longer is) a defendant party in the case, you will still be asked to decide the case as though Mr. Neumiller (name)were a defendant. party.

---

[20] Minn. Stat. § 604.02, subd. 1 ("When two or more persons are severally liable, contributions to awards shall be in proportion to the percentage of fault attributable to each . . . .").

[21] CIVJIG 15.40 (modifications in red text).

## Proposed Instruction No. 27

*Definition of "fault"*[22]

Fault consists of:

[1. Negligence]

[2. Breach of warranty]

[32. Sale of a product in a defective condition unreasonably dangerous to the user, consumer, or (his)(her) property]

3. Misuse of a product[23]

[4. Actively participating in the intoxication of another person]

[5. Illegal sale of alcoholic beverages]

[6. (A person 21 years of age or older selling, bartering, furnishing, giving to, or purchasing an alcoholic beverage for a person under 21 that causes the intoxication of that person.) (A person 21 years of age or older who controls premises, is in a reasonable position to prevent consumption of alcoholic beverages by a person under 21, and knowingly or recklessly permits that consumption and the consumption causes the intoxication of the person under 21.)]

[7. Liability for injury caused by an animal with a vicious or dangerous propensity known by the owner of the animal.]

[8. Liability for injury or attack by a dog]

---

[22] CIVJIG 28.15 (modifications in red text).

[23] Minn. Stat. § 604.01, subd. 1a.

**Proposed Instruction No. 28**

*Negligence—common law duties—driver—pedestrian*[24]

**Duties of highway users**

The violation of the duty to use reasonable care is negligence. The duty of reasonable care includes these duties:

    1. Drivers and pedestrians must keep a reasonable lookout.

    2. A driver must keep his or her vehicle under reasonable control.

    3. [Other applicable non-statutory duties].

Whether any of these duties was violated depends on:

    1. The risks of the situation;

    2. Dangers that were known or could have been anticipated;

    3. All the existing circumstances.

---

[24] CIVJIG 65.10 (modifications in red text).

## Proposed Instruction No. 29

*Damages—definition*[25]

If you find that CRC owed Plaintiff a duty, that CRC breached that duty, and that CRC's breach of duty directly caused Plaintiff's injuries, then you will be asked to consider damages.

Question(s) __, __, and __ in the verdict form (is) (are) the damages question(s).

Answer each question independently

[You must answer these questions regardless of your answers to the other questions on the verdict form. Your verdict is not complete until these damages questions are answered.]

When you decide damages, do not consider the possible effect of your answers to other questions.

**Damages are money**

The term "damages" means a sum of money that will fairly and adequately compensate a person who has been (injured)(harmed). Damages may include past and future (injury)(harm). It must be proved that future (injury)(harm) is reasonably certain to occur.

---

[25] CIVJIG 90.10 (modifications in red text).

**Proposed Instruction No. 30**

*Damages—burden of proof*[26]

**Definition of "burden of proof"**

A party asking for damages must prove the nature, extent, duration, and consequences of his or her ~~(injury)(harm)~~.

You must not decide damages based on speculation or guess.

---

[26] CIVJIG 90.15 (modifications in red text).

## Proposed Instruction No. 31

*Measure of damages—wrongful death*[27]

**Money value of damages**

When you consider damages for ~~(claimant)(s)~~, determine an amount of money that will fairly and adequately compensate ~~(~~claimant~~)(s)~~ for the pecuniary losses ~~(he)(she)(~~they~~)~~ suffered as the result of this death.

You should consider what Cynthia McDougall ~~(name of deceased)~~ would have provided to the ~~(~~claimant~~)(s)~~ if ~~(he)~~she~~(they)~~ had lived.

**Factors to consider**

You should consider:

1. ~~(His)(~~Her~~)~~ contributions in the past

2. ~~(His)(~~Her~~)~~ life expectancy at the time of ~~(his)(~~her~~)~~ death

3. ~~(His)(~~Her~~)~~ health, age, habits, talents, and success

4. ~~(His)(~~Her~~)~~ occupation

5. ~~(His)(~~Her~~)~~ past earnings

6. ~~(His)(~~Her~~)~~ likely future earning capacity and prospects of bettering ~~(himself)(~~herself~~)~~ had ~~(he)(~~she~~)~~ lived

7. ~~(His)(~~Her~~)~~ personal living expenses ~~(cost of supporting the child)~~

8. ~~(His)(~~Her~~)~~ legal obligation to support the ~~(surviving spouse)(~~next of kin~~)~~ and the likelihood that ~~(he)(~~she~~)~~ would have fulfilled that obligation

---

[27] CIVJIG 91.75 (modifications in red text).

9. All reasonable expenses incurred for a funeral and burial ~~(etc.)~~, and all reasonable expenses for support due to ~~(his)~~(her~~)~~ last sickness, including necessary medical and hospital expenses incurred after and as a result of the injuries causing death

~~[10. The probability of (name of decedent)'s paying the debt owed by  to ]~~

11. The counsel, guidance, and aid ~~(he)~~(she~~)~~ would have given ~~(~~claimant~~)(s)~~

~~[12. The advice, comfort, assistance, companionship, and protection that (name of decedent) would have given if (he)(she) had lived].~~

~~[Give CIVJIG 91.85, where appropriate.]~~

**Lost time together**

Decide the length of time those related might be expected to survive together. You should compare the life expectancy of Cynthia McDougall ~~(name of decedent)~~ with the life expectancy of each claimant.

Take into account only the amount of time the two being compared would be expected to survive together.

Base your money damages for each claimant on the shorter life expectancy of the two being compared.

**Items to exclude**

Do not include amounts for:

1. ~~[~~Punishing the defendant~~]~~

2. ~~[~~Grief or emotional distress of the surviving spouse and the next of kin~~]~~, or

3. ~~[~~For the pain and suffering of Cynthia McDougall before ~~(his) (~~her~~)~~ death~~]~~.

36

**Factors to exclude**

Do not be influenced by the fact that:

1. [The (surviving spouse)(next of kin)(may have received)(may get) money or other property from (name)'s estate], or

2. [The (surviving spouse)(next of kin)(may collect)(has collected) insurance or workers' compensation benefits because of (name)'s death], or

3. [The surviving spouse has remarried], or

4. [The minor children have been emancipated], or

5. [There is no legal obligation to support the next of kin].

You must determine the total amount of money that will fairly and adequately compensate the (claimant)(s) for the damages suffered as the result of this death.

[I will divide the damages among the (claimants).]

**Proposed Instruction No. 32**

*Adjustment of future damages—present cash value of damages*[28]

**Present cash value of damages**

After finding the dollar value of future damages for:

[a. Loss of future earning capacity]

[b. Future health care expenses],

you must then find the present cash value of this amount, and award only the present cash value. This is called "adjusting," and is based on inflation and the fact that invested money earns interest.

**Steps in adjusting**

The following steps are involved in adjusting:

1. Decide if Plaintiff (name) is entitled to damages for:

[a. Lost/reduced future earning capacity]

[b. Future health care expenses].

2. If so, decide the amount of these future damages in today's dollars. In doing this, you may also consider whether inflation will increase the:

[a. Value of future earning capacity]

[b. Future health care expenses].

3. Decide for how long in the future Plaintiff(name) will:

[a. Experience lost/reduced future earning capacity]

---

[28] CIVJIG 90.25 (modifications in red text).

[b. Incur future health care expenses].

4. Decide how much money Plaintiff(name) needs if (he)(she) invests it now

through the time in the future when (he)(she) will need it for:

[a. Lost or reduced future earning capacity]

[b. Future health care expenses].

**Damages that must be adjusted**

You must adjust damages only for:

[1. Loss/reduction of future earning capacity]

[2. Future health care expenses].

**Damages not to be adjusted**

You must not adjust damages for:

1. Future pain,

2. Future disability,

3. Future emotional distress,

4. Any past damages.

Dated:  December 22, 2023.　　　　　s/ *Robert J Gilbertson*
　　　　　　　　　　　　　　　　　Robert J. Gilbertson  (# 22361X)
　　　　　　　　　　　　　　　　　David J. Wallace-Jackson  (# 288767)
　　　　　　　　　　　　　　　　　Virginia R. McCalmont  (# 399496)
　　　　　　　　　　　　　　　　　FORSGREN FISHER MCCALMONT
　　　　　　　　　　　　　　　　　　DEMAREA TYSVER LLP
　　　　　　　　　　　　　　　　　Capella Tower
　　　　　　　　　　　　　　　　　225 South 6th Street, Suite 1500
　　　　　　　　　　　　　　　　　Minneapolis, MN 55402
　　　　　　　　　　　　　　　　　(612) 474-3300
　　　　　　　　　　　　　　　　　bgilbertson@forsgrenfisher.com
　　　　　　　　　　　　　　　　　dwallace-Jackson@forsgrenfisher.com
　　　　　　　　　　　　　　　　　vmcCalmont@forsgrenfisher.com

　　　　　　　　　　　　　　　　　*Attorneys for Defendant CRC Industries, Inc.*