UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| David A. McDougall, *Individually and as Trustee for the Next-of-Kin of Decedent Cynthia A. McDougall*, | Civil No. 20-1499 (JRT/LIB) |
| Plaintiff, | **CRC's MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF MCDOUGALL-NEUMILLER SETTLEMENT AGREEMENT** |
| v. | |
| CRC Industries, Inc., and John Doe Company Defendants #1-10 | |
| Defendants. | |

Defendant CRC Industries, Inc. ("CRC") respectfully moves the Court to compel plaintiff David McDougall to produce the settlement agreement resolving his state-court lawsuit against Kyle Neumiller.  Mr. McDougall did not produce that agreement during discovery, despite CRC's Document Request No. 17's request for "[a]ll documents reflecting or relating to any . . . civil legal proceedings in which Kyle Neumiller has been a party. . . ." (Ernstene Dec., Ex. A.)  The terms of the release in that agreement are now vitally important to an issue at hand:  for what monetary amount should the Court order entry of judgment?  CRC disputes the verdict for reasons including those previously offered and in forthcoming post-trial motions.  Regardless, the McDougall-Neumiller settlement agreement likely used a *Pierringer* release to allow Mr. McDougall to settle with Neumiller without extinguishing his right to recover from CRC.  If so, the damages award against CRC must be reduced by

1

the 77.5% fault the jury apportioned to Neumiller, regardless whether Neumiller is an intentional tortfeasor.[1]

To ensure that the Court does not order entry of judgment in favor of Mr. McDougall in violation of Minnesota *Pierringer* law, CRC respectfully requests that the Court compel him to produce the McDougall-Neumiller settlement agreement. To keep proceedings moving, and given the likelihood that Mr. McDougall's counsel has a copy of the agreement easily accessible, production should be ordered with a 7-day deadline.

## **BACKGROUND**

In a separate Minnesota state-court action, Mr. McDougall sued Neumiller "individually and as parent and natural guardian of" his and Cynthia's son, "and as Trustee of the heirs of Cynthia Ann McDougall." (Ernstene Dec., Ex. C at p. 1 (3-2-22 order, MN Court File No.: 39-CV-21-117.) On March 2, 2022, the Lake of the Woods County district court approved Mr. McDougall's petition for "authoriz[ation] to execute such releases . . . as are necessary to settle with . . . Neumiller." (*Id.* at p. 2, ¶ 1.) It added that Mr. McDougall "shall retain authority to continue pursuit of addition and pending claims associated with this matter." (*Id.* at p. 3, ¶ 5.) Mr. McDougall's petition for approval of the settlement agreement that the state court

---

[1] CRC stands by its position that whether Neumiller is an intentional tortfeasor is immaterial. None of the joint-liability grounds apply. Minn. Stat. § 604.02, subd. 1. Thus, CRC's liability, if any (which it also contests), may not exceed that which is "in the percentage of fault" that the jury attributed to CRC. *Id.*

2

was granting had referenced the subject federal lawsuit. (*Id.*, Ex. B at pp. 2-3, ¶ V, at p. 5, ¶ 6 (2-3-22 Petition).)

At trial, Mr. McDougall acknowledged signing that petition. (Trial Transcript, Vol. 6, at 1303-1304.). By verdict, the jury found Neumiller 77.5% at fault, CRC 22.5% at fault, and damages of $7.75 million. It also found that Neumiller was an intentional tortfeasor. CRC disputes the verdict's adverse findings.

On April 26, 2024, after the jury returned a verdict of no punitive damages, CRC's counsel noted that CRC would be requesting the McDougall-Neumiller settlement agreement from Mr. McDougall's counsel. CRC's counsel did so the next day, via email. (Ernstene Dec., Ex. D.) Mr. McDougall's counsel refused later that day. (*Id.*) Further emails followed, with the same result: Mr. McDougall's counsel does not want to hand over the settlement agreement.

## **ARGUMENT**

The Court should direct Mr. McDougall's counsel to produce the McDougall-Neumiller settlement to ensure the judgment ordered complies with *Pierringer* law. *Pierringer* releases are the standard settlement device under Minnesota law that allow parties to settle without "extinguish[ing] potential claims against remaining alleged tortfeasors" *not* parties to the agreement. *Bixler by Bixler v. J.C. Penney Co.*, 376 N.W.2d 209, 215 (Minn. 1985). That is how plaintiffs avoid "the general rule of law . . . that a release of one joint tortfeasor releases all others." *Frey v. Snelgrove*, 269 N.W.2d 918, 921 (Minn. 1978).

3

When Mr. McDougall petitioned the state court to approve the McDougall-Neumiller settlement agreement, he specifically referenced this federal lawsuit and requested that the court approve that he would "retain authority to continue pursuit of additional and pending claims associated with this matter." (Ernstene Dec., Ex. B at p. 5, ¶ 6.) The court permitted that reservation. (*Id.*, Ex. C at p. 3, ¶ 5.)

If, as is likely, the McDougall-Neumiller settlement agreement includes a *Pierringer* agreement, its terms "limit" Mr. McDougall's "recovery to the unsatisfied percentage of the damages—the percentage attributable to then nonsettling tortfeasor." *Frey*, 269 N.W.2d at 922 (quotation omitted). "The settling tortfeasor under a *Pierringer* release"—here, Neumiller—"settles for its fair share of plaintiff's award as later determined by the trier of fact." *Rambaum v. Swisher*, 435 N.W.2d 19, 22 (Minn. 1989). "[T]he nonsettling tortfeasor[]"—here, CRC—"will not pay more than their fair share of the yet-to-be-determined plaintiff's award." *Id.* For example, in *Frederickson*, the Minnesota Supreme Court affirmed the reduction of an $800,000 damages award by 40%--the fault the jury attributed to a joint tortfeasor who had previously settled under a *Pierringer* release. *Frederickson v. Alton M. Johnson Co.*, 402 N.W.2d 794, 795-97 (Minn. 1987). The Court so held "because the plaintiff released (*Pierringer*) his cause of action to that extent." *Id.* at 795 (Syllabus point 2) and 799.

In refusing to disclose the settlement agreement, Mr. McDougall argued: "the evidence is closed. Discovery is closed." (Ernstene Dec., Ex. D.) Neither is a valid basis for refusing to supplement Mr. McDougall's production.

4

As to discovery, Mr. McDougall has an ongoing duty to supplement his document production "in a timely manner if [he] learns that in some material respect the disclosure or response is incomplete . . . , and if the additional . . . information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). To the extent Mr. McDougall did not know before, his counsel now knows that his document production in response to Document Request No. 17 is incomplete as the McDougall-Neumiller settlement agreement "reflect[s] or relat[es] to any . . . civil legal proceedings in which Kyle Neumiller has been a party." (Ernstene Dec., Ex. A.)  That agreement is material to what judgment, if any, the Court should enter.[2]  Under Rule 26(e)(1)(A), Mr. McDougall has a duty to produce that agreement. *Cf. Apple Inc. v. Wi-LAN Inc.*, No. 14CV2235-DMS(BLM), 2019 WL 4253833, at *3 (S.D. Cal. July 22, 2019) (party "is not moving to reopen fact discovery and instead, seeks only focused, supplemental discovery responses").

The Court may order the production under Fed. R. Civ. P. 26(e)(1)(B):

> (e) Supplementing Disclosures and Responses.
>
>> (1) *In General.* A party who has made a disclosure under Rule 26(a)—or who has responded to a[] . . . request for production . . . —must supplement . . . its disclosure or response:
>> . . .
>> (B) as ordered by the court.

Fed. R. Civ. P. 26(e)(1)(B).

---

[2] CRC maintains its position that the jury's adverse findings were erroneous.

5

As to the trial evidence, this was not an issue for the jury, but for the Court. *Pierringer* agreements become an issue for the Court only after a jury returns a liability and damages verdict. *See, e.g.*, *Frederickson*, 402 N.W.2d at 795 (holding that, post-verdict, "[t]he trial court properly reduced the verdict by the settling defendant's fault"). The Court's April 17, 2024 order noted that "if the jury finds that Neumiller is an intentional tortfeasor, the Court will not permit CRC to limit its exposure to liability to the extent of its fault." (Doc. 229 at 3.) But the Court was addressing the role of comparative fault, not the issue of a *Pierringer* release. The issue now is the scope of the release, not whether Neumiller committed an intentional tort.

## **CONCLUSION**

CRC respectfully asks the Court to direct Mr. McDougall to produce the settlement agreement within seven calendar days of the Court's order.

Dated: April 29, 2024.

s/ Robert J Gilbertson
Robert J. Gilbertson (# 22361X)
David J. Wallace-Jackson (# 288767)
Virginia R. McCalmont (# 399496)
FORSGREN FISHER MCCALMONT
DEMAREA TYSVER LLP
Capella Tower
225 South 6th Street, Suite 1500
Minneapolis, MN 55402
(612) 474-3300
bgilbertson@forsgrenfisher.com
dwallace-jackson@forsgrenfisher.com
vmccalmont@forsgrenfisher.com

*Counsel for Defendant CRC Industries, Inc.*

6