UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| David A. McDougall, Individually and as Trustee for the Next-of-Kin of Decedent Cynthia A. McDougall,<br><br>    Plaintiff,<br><br>  v.<br><br>CRC Industries, Inc., and John Doe Company Defendants #1–10,<br><br>    Defendants. | Case No. 20-cv-1499 (JRT/LIB)<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO CRC'S MOTION TO COMPEL PRODUCTION OF MCDOUGALL-NEUMILLER SETTLEMENT AGREEMENT** |

## INTRODUCTION

CRC's motion to compel production of the "McDougall-Neumiller Settlement Agreement" should be denied. It is based on a factually incorrect predicate, irrelevant to the Court's entry of judgment, and untimely.

## ARGUMENT

CRC's motion is based on a factually incorrect predicate that Plaintiff David A. McDougall executed a "Release" with Kyle Neumiller. There is no Release between McDougall and Neumiller. There is a Stipulation wherein Neumiller accepted McDougall's Offer of Judgment. (Bruce Decl., Ex. A, Stipulation). The Stipulation was filed in Minnesota state Court over two years ago and CRC has been able to publicly view the document at any time. (*Id.*) Pursuant to the Stipulation, Neumiller's automotive insurer paid policy limits

of $30,000, and a personal judgment was entered against Neumiller individually. Neither the Stipulation nor the judgment contain a Release. (*Id.*)

Second, CRC claims this "Release" (which does not exist) is necessary to determine what monetary amount the Court should order entry of judgment. (CRC's Br. at 1, ECF No. 257.) However, the McDougall and Neumiller Stipulation does not affect CRC's obligation for the entire verdict. The issue of whether Neumiller was an intentional tortfeasor was a "question of fact for the jury." (Order at 3, ECF No. 229.) The jury answered *yes* to that question. (Verdict at 3, ¶3B, ECF No. 272.) Once, the jury found that Neumiller was an intentional tortfeasor, the "Court w[ould] not permit CRC to limit its exposure to liability to the extent of its fault. (Order at 3, ECF No. 229.) In other words, Neumiller's intentional conduct would not be compared against CRC for any purpose. Accordingly, there is no need for CRC to examine anything because CRC is not permitted "to limit its exposure." (*Id.*) The Court has ruled on this issue.  McDougall's verdict cannot and should not be reduced.

Finally, CRC's request is untimely. As emphatically declared by CRC's own counsel in response to a question submitted by the jury during its punitive damages' deliberation: "the evidence is *closed*." (Trial Tr. 1929:22–23 (emphasis added).) Discovery has finished. Trial is over. The jury reached its verdict. And now the Court can enter judgment pursuant to the jury's verdict, regardless of CRC's appellate threats. Moreover, McDougall responded to

CRC's interrogatories in May 2022—nearly two years ago, disclosing that he and his minor child:

> [R]eceived settlement monies of $30,000 from Kyle Neumiller's insurer, Progressive Insurance, constituting the liability policy limits. Additionally, see Order dated March 2, 2022 wherein David McDougall as Trustee agreed to resolve his complaint against Kyle Neumiller for payment of $30,000 cash representing the full liability limits of Neumiller's Progressive automotive insurance policy plus an excess personal judgment against Kyle Neumiller individually for $970,000, produced herein at MCDOUGALL003751–3754.

(Bruce Decl., Ex. B, ROG No. 5.) At no point in time—until now—did CRC claim that response was "incomplete." CRC failed to act after receiving this information, and now seeks to reopen the factual record over 16 months after discovery has closed and after a jury verdict, claiming that McDougall failed to provide said information. CRC's motion is improper and should be summarily denied.[1]

---

[1] CRC's reliance on *Apple Inc. v. Wi-LAN Inc.* does not change the analysis. No. 14CV2235-DMS(BLM), 2019 WL 4253833, at *3 (S.D. Cal. July 22, 2019). In *Apple*, the Court allowed the parties to supplement expert reports for an upcoming retrial on damages, and the party moving to compel sought focused, supplemental discovery responses. *Id.* Here, no party is supplementing expert reports, there is no retrial on damages, and moreover, there is no discovery response to supplement. McDougall answered CRC's interrogatory and produced related documents; he fulfilled his disclosure duty.

## <u>CONCLUSION</u>

For the reasons stated herein, Plaintiff David A. McDougall respectfully requests that this Court deny CRC's motion.


Dated: May 6, 2024                                    **ROBINS KAPLAN LLP**

By: *<u>/s/ Tara Sutton</u>*
Tara D. Sutton (#23199X)
Philip Sieff (#169845)
Rashanda C. Bruce (#0400019)
Michael D. Reif (#0386979)
Julie A.K. Reynolds (#0392426)
800 LaSalle Ave., Suite 2800
Minneapolis, MN 55402
Telephone: 612.349.8500
Facsimile: 612.339.4181
*tsutton@robinskaplan.com*
*psieff@robinskaplan.com*
*rbruce@robinskaplan.com*
*mreif@robinskaplan.com*
*jreynolds@robinskaplan.com*

***Attorneys for Plaintiff***
***David A. McDougall***