UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

David A. McDougall, *Individually and as Trustee for the Next-of-Kin of Decedent Cynthia A. McDougall*,

          Plaintiff,

v.

CRC Industries, Inc., and John Doe Company Defendants #1-10

          Defendants.

Civil No. 20-1499 (JRT/LIB)

**CRC'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF MCDOUGALL-NEUMILLER SETTLEMENT AGREEMENT**

---

Plaintiff does not dispute that the McDougall-Neumiller settlement agreement is within the scope of CRC's Document Request No. 17.  Nor does he dispute that, if that settlement agreement includes a *Pierringer* release, then the settlement agreement is within the scope of Rule 26(e)(1)(A), under which McDougall has an ongoing duty to supplement his prior document production if he "learns that in some material respect the disclosure or response is incomplete . . . , and if the additional information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1)(A).

Rather, Plaintiff asserts that there is no release between him and Neumiller, but only a stipulation wherein Neumiller accepted his Offer of Judgment."  (Doc. 286 at 1.)  But at issue is a document request, not an interrogatory, and this written representation in Plaintiff's brief is not a document.  Moreover, the stipulation to which he refers calls his written representation into question.  That stipulation *twice*

1

contemplates Mr. McDougall giving releases as part of the settlement.[1]  It would be odd, to say the least, for a sophisticated insurance company like Progressive to have paid money as part of the settlement and not also to have insisted that McDougall sign a release—which is what the stipulation explicitly says.  Indeed, the fact that Plaintiff is fighting this straightforward production of the settlement agreement raises the obvious question:  What doesn't Plaintiff want this Court to see?

Plaintiff essentially argues that this Court's ruling on the implications of the jury's finding that Neumiller is an intentional tortfeasor means that the settlement agreement does not matter.  (Doc. 286 at 2.)  But as the Court knows, it was dealing with a rule of comparative fault, not the implications of the scope of any release.  Any argument about the significance of the release can be had after both parties and the Court know what it says.

Plaintiff argues that CRC's request is untimely, but he has a Rule 26(e)(1)(A) duty to supplement with material documents responsive to Document Request 17.  Fed. R. Civ. P. 26(e)(1)(A).  He cites no authority for the proposition that this duty expires after trial, before entry of judgment (or after entry, while post-trial motions are pending).  The settlement agreement is responsive.  Its terms are likely material to the Court's entry of a judgment that does not violate Minnesota law.  McDougall

---

[1]  (1) "***Plaintiff shall further execute*** such further ***releases*** . . . as may be required by Progressive to forever discharge them, their heirs, officers, and assigns from all further liability and involvement," and (2) "Plaintiff shall submit this agreement to the Court for approval and upon acceptance by the Court, ***the parties shall*** exchange ***releases*** . . . ." (Doc. 287-1 (emphasis added).)

thus has a Rule 26(e)(1)(A) obligation to produce it.  Given his refusal, and given the

agreement's likely relevance now, Court-ordered production is warranted under Rule

26(e)(1)(B).  CRC respectfully asks the Court to order McDougall to produce the

McDougall-Neumiller settlement agreement.


Dated:  May 14, 2024.                        s/ Robert J Gilbertson
                                             Robert J. Gilbertson  (# 22361X)
                                             David J. Wallace-Jackson  (# 288767)
                                             Virginia R. McCalmont  (# 399496)
                                             FORSGREN FISHER MCCALMONT
                                             DEMAREA TYSVER LLP
                                             1500 Capella Tower
                                             225 South 6th Street
                                             Minneapolis, MN  55402
                                             (612) 474-3300
                                             bgilbertson@forsgrenfisher.com
                                             dwallace-jackson@forsgrenfisher.com
                                             vmccalmont@forsgrenfisher.com

                                             *Attorneys for CRC Industries, Inc.*