

**ROBERT J. GILBERTSON**
MANAGING PARTNER
bgilbertson@forsgrenfisher.com
612.474.3324

May 22, 2024

The Honorable John R. Tunheim                                    *Via ECF*
United States District Court, District of Minnesota
300 South Fourth Street
Minneapolis, MN  55415

      Re:    *McDougall v. CRC Industries, Inc.,* No.: 20-cv-1499  (JRT/LIB)

Dear Judge Tunheim:

      My colleagues and I represent CRC.  We wish to make the Court aware of a new case, *Alvin Glay, trustee for the next of kin of Unity McGill, Appellant, v. R.C. of St. Cloud, Inc., Respondent.*, No. A23-1464, 2024 WL 2266939 (Minn. Ct. App. May 20, 2024), that is significant as to this Court's April 17, 2024 determination that "if the jury finds that Neumiller is an intentional tortfeasor, the Court will not permit CRC to limit its exposure to liability to the extent of its fault."  (Doc. 229 at 3.)

      The *Glay* majority did not reach this issue (2024 WL 2266939 at *4 n.6), but Judge Slieter did in dissent.  His dissent is significant because it appears to be the only Minnesota appellate opinion to address this particular point explicitly.  He concluded that "the plain language of [Minn. Stat. §] 604.02 specifically permits the comparison of fault between negligent and intentional tortfeasors." *Id.* at *7.  This Court concluded that "courts have previously declined to apply the comparative fault statute, Minn. Stat. § 604.01, to intentional tortfeasors," citing decisions including *Florenzano*.  (Doc. 229 at 2.)  But Judge Slieter reasoned that "allowing the jury to compare [the negligent defendant]'s fault to the intentional tortfeasors . . . is not contrary to" that law (citing *Florenzano*) because "[s]ection 604.02 codifies the common-law exception that prohibits intentional tortfeasors from having their equitable share of the injury reduced."  2024 WL 2266939 at *8 (citing § 604.02, subd. 1(3)). And, practically, a negligent tortfeasor's liability cannot be determined without "compar[ing] it to that of [an intentional tortfeasor]." *Id*.  Not making that comparison risks making a negligent tortfeasor "liable for more than its equitable share of the injury," which "would be contrary to the statute as determined in *Staab I*, which limits joint and several liability to four circumstances."  *Id*. (citing *Staab v. Diocese of St. Cloud*, 813 N.W.2d 68, 78 (Minn. 2012)).

      Sincerely yours,

Robert J. Gilbertson

c:    All Counsel of Record (via ECF)