**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

DAVID A. MCDOUGALL,

                                        Civil No. 20-1499 (JRT/LIB)

                     Plaintiff,

v.

                                    **ORDER GRANTING DEFENDANT'S**

CRC INDUSTRIES, INC.,                   **MOTION TO COMPEL**

                     Defendant.

---

Tara D. Sutton, Philip L. Sieff, Rashanda C. Bruce, Michael D. Reif, Julie Reynolds, and Ryan W. Marth, **ROBINS KAPLAN LLP**, 800 LaSalle Avenue, Suite 2800, Minneapolis, MN 55402, for Plaintiff.

Robert J. Gilbertson, Virginia R. McCalmont, and David J. Wallace-Jackson, **FORSGREN FISHER**, 225 South Sixth Street, Suite 1500, Minneapolis, MN 55402, for Defendant.

After a jury trial, Defendant CRC Industries, Inc. ("CRC") filed a motion to compel production of the settlement agreement resolving Plaintiff David A. McDougall's state court lawsuit against Kyle Neumiller pursuant to Federal Rule of Civil Procedure 26(e)(1)(B). The Court will grant the motion.

**DISCUSSION**

In his state action against Neumiller, McDougall filed a petition for the state court to approve his settlement agreement with Neumiller, in which he referenced the subject federal action. (Decl. Eric Ernstene ("Ernstene Decl.") ¶ 4, Ex. B at 3–4, Apr. 29, 2024, Docket No. 259.) In addition, McDougall and Neumiller filed a Stipulation wherein

Neumiller accepted McDougall's offer of judgment and the parties agreed to permit the state court to enter judgment against Neumiller.  (Decl. Rashanda C. Bruce, Ex. A ("Stipulation") at 2, May 6, 2024, Docket No. 287.)  The state court approved McDougall's petition for approval of the settlement, authorizing McDougall "to execute such releases . . . as are necessary to settle with . . . Neumiller" and allowing him to "retain authority to continue pursuit of additional and pending claims associated with this matter."  (Ernstene Decl. ¶ 5, Ex. C at 3–4.)

Now, after a jury returned a verdict in favor of McDougall, CRC seeks to compel production of the state-court settlement agreement pursuant to Federal Rule of Civil Procedure 26(e)(1)(B).  (Def.'s Mot. Compel, Apr. 29, 2024, Docket No. 256; *see also* Jury Verdict at 1, Apr. 30, 2024, Docket No. 272.)  Under Rule 26, "[a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response . . . as ordered by the court."  Fed. R. Civ. P. 26(e)(1)(B).  CRC claims that McDougall did not produce the settlement agreement that resolved his state action against Neumiller despite CRC's requests.  (Ernstene Decl. ¶ 3, Ex. A at 23–24 (requesting "[a]ll documents reflecting or relating to any . . . civil legal proceedings in which Kyle Neumiller has been a party").)

The settlement agreement is necessary, according to CRC, to determine what monetary amount the Court should order in entry of judgment.  Specifically, CRC contends

that if the settlement agreement contains a *Pierringer* release that allowed McDougall to settle with Neumiller without extinguishing his right to recover from CRC, then the damages award against CRC must be reduced by the percentage of fault the jury apportioned to Neumiller, regardless of whether Neumiller is an intentional tortfeasor. *See Frey v. Snelgrove*, 269 N.W.2d 918, 921–23 (Minn. 1978) (citing *Pierringer v. Hoger*, 124 N.W.2d 106 (Wis. 1963)). McDougall responds that the motion should be denied because there is no release, any release is irrelevant to the Court's entry of judgment, and CRC's request is untimely.

After its review of the record and *in camera* review of documents with related information, the Court determines that the only documents relevant to CRC's request are: (1) the Stipulation wherein Neumiller accepted McDougall's offer of judgment and the parties agreed to permit the state court to enter judgment against Neumiller, which is already filed on this case's docket; (2) the Stipulation filed in the state action wherein McDougall dismissed his claims with prejudice against Neumiller; and (3) the executed release between McDougall and Unitrin Safeguard Insurance Company related to the uninsured/underinsured motorist claims arising from or related to the crash on July 22, 2019. McDougall represents that there is no settlement agreement and that there are no further documents related to the settlement in any other case. As CRC already has access to the first Stipulation, the Court will grant CRC's motion to compel production of the

second Stipulation wherein McDougall dismissed his claims against Neumiller and the

release of claims between McDougall and Unitrin.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.  Defendant's Motion to Compel [Docket No. 256] is **GRANTED**.

2.  Plaintiff has seven calendar days from the date of the Court's Order to comply.


DATED:  May 30, 2024
at Minneapolis, Minnesota.

                                        JOHN R. TUNHEIM
                                        United States District Judge