**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

_____

DAVID A. MCDOUGALL,

                                    Civil No. 20-1499 (JRT/LIB)

                Plaintiff,

v.

                      **THE COURT'S FINAL INSTRUCTIONS**
                             **TO THE JURY**

CRC INDUSTRIES, INC.,

                Defendant.

_____

**TABLE OF CONTENTS**

1. INTRODUCTION AND GENERAL DUTIES .......................................................... 3

2. COURT'S OPINION ........................................................................................... 5

3. PARTIES ........................................................................................................... 6

4. BIAS AND PREJUDICE ...................................................................................... 7

5. EVIDENCE AND LIMITATIONS .......................................................................... 8

6. DIRECT AND CIRCUMSTANTIAL EVIDENCE ...................................................... 9

7. REASONABLE INFERENCES ............................................................................ 10

8. BURDEN OF PROOF: VERDICT ....................................................................... 11

9. CREDIBILITY OF WITNESSES .......................................................................... 12

10. INCONSISTENT STATEMENTS ........................................................................ 13

11. EXPERT WITNESSES ...................................................................................... 14

12. DEPOSITION TESTIMONY .............................................................................. 15

13. SUMMARY OF THE CASE .............................................................................. 16

14. DESIGN DEFECT ............................................................................................ 18

15. FAILURE TO WARN ....................................................................................... 21

16. DUTY ............................................................................................................ 24

17. CAUSATION .................................................................................................. 25

18. FAULT ........................................................................................................... 26

EXHIBIT

J

19. NEGLIGENCE ..................................................................................................... 27

20. DUTIES OF HIGHWAY USERS ........................................................................... 28

21. INTENT ............................................................................................................... 29

22. RECKLESSNESS ................................................................................................. 30

23. DAMAGES .......................................................................................................... 31

24. BURDEN OF PROOF: DAMAGES ...................................................................... 32

25. MEASURE OF DAMAGES ................................................................................... 33

26. CALCULATING LIFE EXPECTANCY ................................................................... 36

27. ADJUSTMENT OF FUTURE DAMAGES ............................................................. 37

28. CORPORATE RESPONSIBILITY FOR EMPLOYEES .......................................... 38

29. COMPLIANCE WITH LEGAL DUTY .................................................................... 39

30. EVIDENCE OF STANDARDS OR CUSTOM ....................................................... 40

31. FINAL INSTRUCTIONS ....................................................................................... 41

## 1. INTRODUCTION AND GENERAL DUTIES

Members of the jury, thank you for your service as jurors in this case.  In these instructions, the Court will explain your duties and responsibilities as jurors.  The Court will also explain the elements of the claims and provide definitions that are relevant for your determinations.

You must follow all of the instructions given to you by the Court.  **All** instructions, whenever given and whether in writing or not, must be followed.  You must not single out some instructions and ignore others, because **all** are important.  Written copies of the instructions the Court is about to give you will be available to you in the jury room.

As jurors, it is your responsibility to decide from the evidence what the facts are.  When deciding what the facts are, you may consider the evidence in light of your own observations and experiences in life.

Once you decide what the facts are, it is then your responsibility to apply those facts to the law as given to you in these instructions.  You should reach your verdict by applying the facts to the law.  You are the sole judges of the facts; but you must follow the Court's instructions on the law, even if you thought the law was different or if you think the law should be different.

The lawyers may properly refer to some of the applicable rules of law in their arguments to you.  However, if any difference appears to you between the law as stated

by the lawyers and the law as stated by the Court in these instructions, you, of course,

must follow the instructions given to you by the Court.

## 2.  COURT'S OPINION

At no time does the Court intend to give any opinion or suggestion as to what your verdict should be – not in these instructions, nor in any of the Court's rulings, actions, or remarks during the trial.

### 3. PARTIES

David A. McDougall is the **plaintiff** in this case.  He will be referred to in these instructions as "Mr. McDougall."  CRC Industries, Inc. is the **defendant** in this case.  It will be referred to as "CRC."

## 4.  BIAS AND PREJUDICE

You must decide the case solely on the evidence and the law before you, without bias or prejudice as to any party.  All parties expect that you will carefully and impartially consider all of the evidence, follow the law that is being given to you, and reach a just verdict, regardless of the consequences.

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  A business is entitled to the same fair trial as a private individual.  All persons, including corporations, partnerships, unincorporated associations, and other organizations, stand equal before the law, and are to be treated as equals.

It is important that you discharge your duties as jurors without discrimination.  You must not be influenced by sympathy, prejudice, public opinion, personal likes or dislikes, or bias, including unconscious or implicit bias.  Unconscious or implicit biases are stereotypes, attitudes, or preferences that you may consciously reject but that may affect your judgment without your conscious awareness, control, or intention.

 Bias regarding the race, ethnicity, religious beliefs, national origin, sexual orientation, gender, or gender identity of the defendant, witnesses, and lawyers should play no part in how you exercise your judgment during the trial.

### 5.  EVIDENCE AND LIMITATIONS

The evidence in this case consists of (1) the **testimony** of witnesses, (2) documents and other things received as **exhibits**, and (3) sections of textbooks/articles that have been read to you as evidence.

Please also remember what is not evidence:

1.  Statements, arguments, questions, and comments by lawyers representing the parties in the case.

2.  Exhibits that are identified by a party but not offered or received in evidence.

3.  Objections.  Lawyers have a right to object when they believe something is improper.  You should not be influenced by the objection.  If the Court sustained an objection to a question, you must ignore the question and not guess what the answer might have been or consider any answer inadvertently given before the Court could sustain the objection.

4.  Anything you saw or heard about this case outside the courtroom.

5.  Evidence that has been admitted as demonstrative evidence, which is simply for the jury's convenience to follow along and not part of the evidence in the case.

### 6.  DIRECT AND CIRCUMSTANTIAL EVIDENCE

A fact is proved either by direct evidence or circumstantial evidence or both.  The law does not prefer one form of evidence over the other:

1.  A fact is proved by direct evidence when, for example, it is provided by a witness who testifies to what he or she saw, heard, or experienced, or by physical evidence of the fact itself.

2.  A fact is provided by circumstantial evidence when its existence can be reasonably inferred from other facts proved in the case.

    For example, the fact that "a person walked in the snow" could be proved:

3.  By an eyewitness who testified directly that he or she saw a person walking in the snow, or

4.  By circumstantial evidence of shoe-prints in the snow, from which it can be directly inferred that a person had walked in the snow.

You should consider both kinds of evidence.  The law makes no distinction between the weight given to either direct or circumstantial evidence.  It is up to you to decide how much weight to give any kind of evidence.

### 7.  REASONABLE INFERENCES

You are to base your verdict only on the evidence received in the case.  In your consideration of the evidence received, however, you are not limited to the statements of the witness.  In other words, you are not limited solely to what you see and hear as the witnesses testified.  You are permitted to draw from the facts, which you find have been proven, such reasonable inferences as you feel are justified in the light of your experience and common sense.  Inferences are simply deductions or conclusions which reason and common sense lead you to draw from the facts as established by the evidence in the case.

### 8.  BURDEN OF PROOF: VERDICT

Your verdict depends on whether you find certain facts have been proven by a "**preponderance of the evidence**," which is a standard also known as the "**greater weight of the evidence**."  In order to find that a fact has been proven by the greater weight of the evidence, you must find that it is **more likely true than not true**.  This determination requires considering all of the evidence and deciding which evidence is more believable.

This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.  It also does not necessarily mean the greater number of witnesses or the greater volume of evidence.  Any believable evidence may be enough to prove that a claim is more likely true than not.

You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard for criminal cases.  That standard does not apply in a civil case.

## 9.  CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, you may believe only part of what a witness said, or you may believe none of what a witness said.

In deciding what testimony to believe, you may consider:

- the witness's intelligence;

- the opportunity the witness had to see or hear the things testified about;

- the witness's memory, knowledge, education and experience;

- any motives the witness may have for testifying a certain way;

- how the witness acted while testifying;

- whether that witness said something different at an earlier time;

- whether a witness's testimony sounded reasonable; and

- the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You will have to decide whether a contradiction is an innocent misrecollection or lapse of memory or whether it is an intentional falsehood.  That may depend on whether the contradiction has to do with an important fact or only with a small detail.

## 10. INCONSISTENT STATEMENTS

The testimony of a witness may be discredited or "impeached" by showing he or she previously made statements which are different than his or her testimony here in Court.

It is the responsibility of the jury to determine the credibility, if any, to be given to the testimony of a witness who has made prior inconsistent or contradictory statements. If a witness is shown to have knowingly testified falsely concerning any important or material matter, you have a right to distrust such an individual concerning other matters. You may reject all of the testimony of that witness, or you may give it as much credibility as you think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

### 11. EXPERT WITNESSES

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists as to those witnesses that we call "expert witnesses."  Witnesses who, by education and experience, have become expert in some art, science, or profession may state their opinions as to relevant and material matters, in which they profess to be an expert, and may also state their reasons for the opinion.

Mr. McDougall's witnesses, Dr. Fred Apple, Dr. Charles Reznikoff, Dr. Brian Perron, and Dr. Felix Friedt, and CRC's witnesses, Dr. Trey Morrison and Dr. Joe Sala, were qualified as experts to testify at this trial.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves.  If you decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, then you may disregard the opinion entirely.

## 12. DEPOSITION TESTIMONY

During the trial of this case, certain testimony has been presented to you by way of video deposition, consisting of sworn recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case.  The testimony of a witness who, for some reason, cannot be present to testify in person may be presented on a video recording shown on the video monitor.  Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified in person.

## 13. SUMMARY OF THE CASE

The Court will first give you a summary of each side's contentions in this case. The Court will then provide you with detailed instructions on what Mr. McDougall must prove to prevail on his negligence, defective design, and failure to warn claims.

This is a civil lawsuit brought by David A. McDougall against CRC Industries.  Mr. McDougall is the husband of Cynthia McDougall, who was killed in a car accident on July 22, 2019.  The car that collided with Ms. McDougall's car was driven by a man named Kyle Neumiller.  Mr. McDougall alleges that Mr. Neumiller lost control of his vehicle after intentionally inhaling an aerosol duster product that is manufactured by CRC called "CRC Duster."  CRC Duster contains a pressurized volatile, fluorinated hydrocarbon gas called 1,1,-Diflouroethane ("DFE") which, if inhaled or ingested by a human, can cause immediately impairing effects, like drowsiness, dizziness, suffocation, and loss of consciousness.

Mr. McDougall alleges that CRC knew that CRC Duster was being misused by people to become high while driving.  Mr. McDougall claims that CRC's manufacture and sale of its product was negligent, that the product was defectively designed, and that CRC failed to provide adequate warnings against misuse.  CRC denies these allegations and denies that it is responsible for Ms. McDougall's death.  Instead, CRC asserts that Kyle Neumiller, the driver of the car that collided with Ms. McDougall's vehicle, is at fault for Mr. McDougall's damages.

It will be your duty to decide from the evidence whether Mr. McDougall is entitled to a verdict against CRC. If you decide that Mr. McDougall is entitled to a verdict against CRC, then it will be your duty to assign percentages of fault for Ms. McDougall's accident to CRC and to Mr. Neumiller.

**14. DESIGN DEFECT**

To prevail on his design defect claim, Mr. McDougall must prove by the preponderance of the evidence:

**First**, that CRC owed a duty to Ms. McDougall;

**Second**, that CRC Duster was in a defective condition, unreasonably dangerous to users of or those exposed to the product, because of CRC's design; and

**Third**, that the design was a direct cause of Mr. McDougall's damages.

**Manufacturer's Duty**

A manufacturer owes a duty when its own conduct creates a foreseeable risk of injury to a foreseeable plaintiff.

A manufacturer has a duty to take reasonable steps to prevent dangers to foreseeable third parties that result from foreseeable misuse of its product.

An injury is foreseeable if a reasonable person in the same or similar circumstances would have foreseen it. The exact way an injury occurred does not have to be foreseeable. But to be foreseeable, it must have been objectively reasonable to expect the specific danger that caused the injury. It is not enough for an injury to have been within the realm of any conceivable possibility.

**Manufacturer's Duty as to Product Design**

A manufacturer has a duty to use reasonable care to design a product that is not in a defective condition unreasonably dangerous to buyers of, users of, or those exposed to the product when the product:

1. ~~Is used as intended, or~~

2. ~~Is~~ Is used in a way that the manufacturer could reasonably have ~~anticipated~~ foreseen.

The manufacturer's duty is not limited to product users; the duty is to protect the product's users, along with those who might be injured by the product's use or misuse, from foreseeable danger.  A manufacturer must exercise a degree of care in its plan or design so as to avoid any unreasonable risk of harm to anyone who is likely to be exposed to the danger when the product is used in the manner for which the product was intended, as well as an unintended yet foreseeable misuse.

**Evaluating Manufacturer's Design Choices**

A manufacturer must keep up with knowledge and technology in the field.

A manufacturer's duty must be judged according to the knowledge and technology existing at the time the product was sold.

In deciding whether a product was in a defective condition unreasonably dangerous because of the manufacturer's design choices, consider all the facts and circumstances, including:

1. The danger presented by the product;

2. The obviousness of the danger;

3. The user's ability to avoid danger by the exercise of care in the use of the product;

4. The likelihood that harm will result from use of the product;

5.  The seriousness of the harm;

6.  The cost and ease of taking effective precautions to avoid that harm;

7.  Whether the manufacturer considered the knowledge and technology in the field;

8.  The usefulness and desirability of the product—its utility to the user and to the public as a whole; and

9.  The manufacturer's ability to eliminate the unsafe character of the product without impairing its usefulness or making it too expensive to maintain its utility.

A product manufacturer may not avoid its duty to design a safe product by letting others make decisions affecting the safety of the product.

A plaintiff is not required to provide proof of an alternative feasible design.

## 15. FAILURE TO WARN

To prevail on his failure to warn claim, Mr. McDougall must prove by the preponderance of the evidence:

**First**, that CRC owed a duty to Ms. McDougall;

**Second**, that CRC Duster was in a defective condition, unreasonably dangerous to users of or those exposed to the product, because CRC failed to provide adequate warnings for the safe use or reasonably foreseeable misuse of the product; and

**Third**, that CRC's breach of the duty caused Mr. McDougall's damages.

**Manufacturer's Duty**

A manufacturer owes a duty when its own conduct creates a foreseeable risk of injury to a foreseeable plaintiff.

A manufacturer has a duty to take reasonable steps to prevent dangers to foreseeable third parties that result from foreseeable misuse of its product.

An injury is foreseeable if a reasonable person in the same or similar circumstances would have foreseen it.  The exact way an injury occurred does not have to be foreseeable.  But to be foreseeable, it must have been objectively reasonable to expect the specific danger that caused the injury.  It is not enough for an injury to have been within the realm of any conceivable possibility.

**Manufacturer's Duty to Provide Adequate Warnings**

A manufacturer has a duty to provide reasonably adequate warnings for its products to those who use the product when the product:

1.  ~~Is used as intended, or~~

2.  Is used in a way that the manufacturer could reasonably have ~~anticipated~~ foreseen, including foreseeable misuse of the product.

**Adequate Warning**

A manufacturer must keep up with knowledge and technology in the field.

A manufacturer's duty to provide reasonably adequate warnings must be judged according to the knowledge and technology that existed at the time the product was sold.

In deciding whether the manufacturer's warnings were reasonably adequate, consider all the facts and circumstances, including, among others:

1.  The likelihood that harm would result from use of the product;

2.  The seriousness of the harm that would result;

3.  The cost and ease of providing warnings to avoid the harm;

4.  Whether the warnings are in a form the ordinary user could reasonably be expected to notice and understand; and

5.  Whether the manufacturer considered the knowledge and technology in the field.

A product that is not accompanied by reasonably adequate warnings is in a defective condition unreasonably dangerous to whoever uses or is affected by the product.

The product must be reasonably safe for use if the warnings are followed.

## 16. DUTY

You must first decide whether Mr. McDougall has proved that CRC owed a duty to him or Ms. McDougall.

A manufacturer owes a duty when its own conduct creates a foreseeable risk of injury to a foreseeable plaintiff.

A manufacturer has a duty to take reasonable steps to prevent dangers to foreseeable third parties that result from foreseeable misuse of its product.

An injury is foreseeable if a reasonable person in the same or similar circumstances would have foreseen it. The exact way an injury occurred does not have to be foreseeable. But to be foreseeable, it must have been objectively reasonable to expect the specific danger that caused the injury. It is not enough for an injury to have been within the realm of any conceivable possibility.

## 17. CAUSATION

A **"direct cause"** is a cause that was foreseeable to the manufacturer and had a substantial part in bringing about the event.

There may be more than one direct cause of the event.  This occurs if the effects of the negligence of each of two or more persons work at about the same time to cause the event.  If this occurs, each may be a direct cause of the event.  Here, you may find that CRC was a direct cause of the event even if you also find that there are other direct causes of the event that occurred at the same time.

However, a cause is not a direct cause when there is a **superseding cause**.  A cause is a superseding cause when four conditions are present:

1. ~~It happened after the original fault;~~

2. ~~1.~~ It did not happen because of the original fault; and

3. ~~It changed the natural course of events by making the result different from what it would have been; and~~

4. ~~2.~~ The original wrongdoer could not have reasonably ~~anticipated~~ foreseen this event.

**18. FAULT**

In reaching your verdict, you must also decide all the parties that are at fault for Mr. McDougall's harm.   If you decide that multiple parties are at fault for Mr. McDougall's harm, you must decide the percentage of fault attributable to each.

Even though Kyle Neumiller was never a defendant party in the case, you will still be asked to decide the case as though Mr. Neumiller were a defendant.

Fault consists of:

1.  Negligence.

2.  Sale of a product in a defective condition unreasonably dangerous to the user, consumer, or his property.

3.  Misuse of a product.

4.  [Recklessness.]

### 19. NEGLIGENCE

Negligence is the failure to use reasonable care.  Reasonable care is the care that a reasonable person would use in the same or similar circumstances.  Ask yourself what a reasonable person would have done in these circumstances.

Negligence occurs when a person:

1.  Does something a reasonable person would not do; or

2.  Fails to do something a reasonable person would do.

Failure of a manufacturer to perform any of its duties may constitute negligence.

## 20. DUTIES OF HIGHWAY USERS

Ms. McDougall is not at fault for her fatality.   The violation of the duty to use reasonable care is negligence.   The duty of reasonable care includes these duties:

1. Drivers and pedestrians must keep a reasonable lookout.

2. A driver must keep his or her vehicle under reasonable control.

   Whether any of these duties was violated depends on:

1. The risks of the situation;

2. Dangers that were known or could have been ~~anticipated~~ foreseen;

3. All the existing circumstances.

### 21. INTENT

Mr. McDougall claims that Kyle Neumiller was an intentional tortfeasor.

**"Intent"** or **"intentionally"** means that a person:

1. ~~Wants to cause the consequences of his or her actions; or~~

~~2.~~ Knows that his or her acts are substantially certain to cause those

consequences.

You must determine whether Mr. Neumiller undertook the act of huffing CRC

Duster while driving, knowing that the consequences were substantially certain to

occur.

**22. RECKLESSNESS**

A person is reckless when he or she knows or has reason to know that:

1.  If he or she does act, there is a high risk of harm to another, or

2.  If he or she does not act, there is a high risk of harm to another; and proceeds to

    act, or fails to act, in deliberate disregard of, or indifference to that risk.

### 23. DAMAGES

Question No. 5 in the verdict form is the damages question.

You must answer this question regardless of your answers to the other questions on the verdict form.   Your verdict is not complete until this damages question is answered.

Damages are money.  The term "damages" means a sum of money that will fairly and adequately compensate a person who has been harmed.  Damages may include past and future harm.  It must be proved that future harm is reasonably certain to occur.

## 24. BURDEN OF PROOF: DAMAGES

A party asking for damages must prove the nature, extent, duration, and consequences of his or her harm.  You must not decide damages based on speculation or guess.  However, proof of damages to an absolute certainty is not required.

## 25. MEASURE OF DAMAGES

In answering Question No. 5, you are to decide the amount of money that will fairly and adequately compensate the claimants for their past and future harm from Cynthia McDougall's death.  The claimants are David McDougall and next of kin.

When you consider damages for claimants, determine an amount of money that will fairly and adequately compensate the claimants for the compensatory losses they suffered as a result of this death.

You should consider what Cynthia McDougall would have provided to the claimants if she had lived.

**Factors to Consider [in Measuring Pecuniary Losses]**

You should consider:

1. Her contributions in the past;

2. Her life expectancy at the time of her death;

3. Her health, age, habits, talents, and success;

4. Her occupation;

5. Her past earnings;

6. Her likely future earning capacity and prospects of bettering herself had she lived;

7. Her personal living expenses (cost of supporting the child);

8. Her legal obligation to support the next of kin and the likelihood that she would have fulfilled that obligation;

9. All reasonable expenses incurred for a funeral and burial, and all reasonable expenses for support due to her last sickness, including necessary medical and hospital expenses incurred after and as a result of the injuries causing death;

10. The counsel, guidance, and aid she would have given claimants; and

11. The advice, comfort, assistance, companionship, and protection that she would have given if she had lived.

**Lost Time Together**

Decide the length of time those related might be expected to survive together. You should compare the life expectancy of Cynthia McDougall with the life expectancy of each claimant.

Take into account only the amount of time the two being compared would be expected to survive together.

Base your money damages for each claimant on the shorter life expectancy of the two being compared.

**Items to Exclude**

Do not include amounts for:

1. Punishing the defendant;

2. Grief or emotional distress of the surviving spouse and the next of kin;

3. For the pain and suffering of Cynthia McDougall before her death.

**No Consideration of Other Sources of Payment**

Do not consider whether David McDougall has received or may receive payment from other sources.

You must determine the total amount of money that will fairly and adequately compensate the claimants for the compensatory damages suffered as the result of this death.

## 26. CALCULATING LIFE EXPECTANCY

According to life expectancy tables, the future life expectancy of a _____-year-old female is _____ years.  This means she is expected to live to age ___.

Use this figure to help you determine the probable life expectancy of Ms. McDougall.  It is not conclusive proof of her life expectancy, and you are not bound by it. It is only an estimate based on average experience.

You may find that Ms. McDougall would have lived a longer or shorter period than that given in these tables.

Consider this figure along with evidence of the health, physical condition, habits, occupation, and surroundings of Ms. McDougall and other circumstances that might affect her life expectancy.

## 27. ADJUSTMENT OF FUTURE DAMAGES

**Present Cash Value of Damages**

After finding the dollar value of future damages for loss of future earning capacity, you must then find the present cash value of this amount, and award only the present cash value. This is called "adjusting," and is based on inflation and the fact that invested money earns interest.

**Steps in Adjusting**

The following steps are involved in adjusting:

1. Decide if David McDougall is entitled to damages for lost/reduced future earning capacity.

2. If so, decide the amount of these future damages in today's dollars. In doing this, you may also consider whether inflation will increase the value of future earning capacity.

3. Decide for how long in the future David McDougall will experience lost/reduced future earning capacity.

4. Decide how much money David McDougall needs if he invests it now through the time in the future when he will need it for lost or reduced future earning capacity.

**Damages that Must Be Adjusted**

You must adjust damages only for loss/reduction of future earning capacity. You must not adjust damages for any past damages.

## 28. CORPORATE RESPONSIBILITY FOR EMPLOYEES

CRC is a corporation and can act only through its officers and employees.  The negligence of an officer or employee acting within the scope of his or her employment or authority is the negligence of the corporation.

### 29. COMPLIANCE WITH LEGAL DUTY

There is evidence in this case that defendant followed a legal duty written into law as a statute or regulation.

It is not conclusive proof of reasonable care if you find that defendant followed such a legal duty.

It is only evidence of reasonable care.

Consider this evidence along with all the other evidence when you decide if reasonable care was used.

### 30. EVIDENCE OF STANDARDS OR CUSTOM

Evidence of standards or custom is not conclusive. It is just one piece of evidence.

1. You may consider an industry standard to decide whether reasonable care was used.

2. You may consider what is usually done or customary in this industry to decide whether reasonable care was used.

Consider this evidence along with all other evidence when you decide if reasonable care was used.

**31. FINAL INSTRUCTIONS**

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson.  That person will preside over your deliberations.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement if you can do so without infringing on individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not change your opinion simply because other jurors think it is right, or simply in order to reach a verdict.  Remember at all times that you are not partisans. You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

*Third*, during your deliberations, including during any recess taken during deliberations, you must not, directly or indirectly, communicate with or provide any information to anyone by any means or by any medium, about anything relating to this case, until the Court accepts your verdict and discharges you from further service in this case.

*Fourth*, as stated in the instructions at the beginning of the trial, you may not in any manner seek out or receive information about the case from any source other than the evidence received by the Court and the law of the case that you have been provided. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

*Fifth*, if you need to communicate with the Court during your deliberations, you may send a note to me through the marshal, signed by one or more jurors. I will respond as soon as possible in writing. Remember that you should not tell anyone during your deliberations – including me – how the jury stands, numerically or otherwise.

*Sixth*, your verdict must be based solely on the evidence and on the law which the Court has given to you in these instructions. Nothing the Court has said or done is intended to suggest what your verdict should be – that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room and when each of you has

agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise

the marshal that you are ready to return to the courtroom.